## Richmond

## GOODVILLE MUTUAL CASUALTY COMPANY

### v.

## JOANNE BORROR, ADMINISTRATRIX, ETC.

March 6, 1981.

Record No. 790057.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, and Thompson, JJ.*

---

* Mr. Chief Justice I'Anson presided at the oral argument of this case but retired January 31, 1981.

Colin J. S. Thomas, Jr. (*Timberlake, Smith, Thomas & Moses,* on brief), for appellant.

Holmes C. Harrison, III (*Clark, Bradshaw, Harrison & Layman, P.C.,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

Goodville Mutual Casualty Company (Goodville) filed a motion for declaratory judgment to determine the extent of its uninsured motorist (UM) liability under its policy issued to Roger Dale Borror (Borror) covering a 1971 model Ford Mustang automobile and a 1965 model Plymouth Fury automobile owned by Borror for the policy period from August 17, 1977, to November 17, 1977. The specific issue was whether the UM coverage on each vehicle could be "stacked" to provide double the minimum coverage for a single accident. The trial court held that the coverage could be stacked, and Goodville appeals.

The facts are undisputed. On September 3, 1977, Borror was driving his employer's pickup truck in the northbound lane of Interstate Highway 81 when he was struck head-on and killed by a vehicle operated by Eugene Rector (Rector), who also died as a result of the accident. The pickup truck carried no insurance. Borror, however, was the owner and named insured of a policy issued to him by Goodville covering the two automobiles owned by him. Separate but unequal premiums were charged for each automobile under the policy, but a separate premium was not allocated for UM coverage.

Borror's widow, Joanne Borror, qualified as administratrix of Borror's estate and subsequently brought an action for wrongful death against Rector's administratrix alleging that Rector's negligence was the proximate cause of her husband's death. She further alleged that the automobile operated by Rector was uninsured within the meaning of Code § 38.1-381(b).[1] Process was issued against Goodville, and Joanne Borror indicated that she intended to hold Goodville liable for any judgment rendered in the wrongful death action to the extent of $50,000 by virtue of stacking the UM coverage of Goodville's policy.

[1] By stipulation filed October 18, 1978, Rector was an uninsured motorist at the time of the accident.

 This court has previously considered the validity of combining UM coverage. In *Bryant* v. *State Farm Mutual Insurance Co.,* 205 Va. 897, 140 S.E.2d 817 (1965), we permitted an insured to stack the coverage of two separate bodily injury liability policies. Bryant was the named insured in such a policy issued to him by State Farm. Bryant was further insured under a similar policy issued by State Farm to his father. Each policy limited coverage to $10,000 for each person injured per accident. While driving his father's truck, Bryant was injured in a collision with an uninsured motorist and from an $85,000 judgment rendered in his favor, Bryant was paid $10,059 by State Farm under his father's policy. State Farm refused to compensate Bryant under his own policy, arguing that an "other insurance" clause in the policy limited his coverage to that amount which *exceeded* the sum of the applicable limits of other available insurance. We permitted recovery under both policies because Code § 38.1-381 (b) requires that every policy relating to the ownership or operation of a motor vehicle contain UM coverage for no less than the amounts specified in Code § 46.1-1(8), then $10,000 per person, $20,000 per accident. We said failure to hold State Farm liable under Bryant's own policy would have amended the UM statute, not construed it. See also *Central Surety & Insurance Corp.* v. *Elder,* 204 Va. 192, 129 S.E.2d 651 (1963), and *Virginia Farm Bureau Mutual Insurance Co.* v. *Wolfe,* 212 Va. 162, 183 S.E.2d 145 (1971), both cases permitting stacking of medical payments.

In *Cunningham* v. *Insurance Co. of North America,* 213 Va. 72, 189 S.E.2d 832 (1972), and *Lipscombe* v. *Security Insurance Co.,* 213 Va. 81, 189 S.E.2d 320 (1972), both decided on the same day, we upheld the stacking of multiple coverage under the UM provisions of a single policy where separate listings existed for each automobile and separate and equal premiums were charged. Cunningham was killed by an uninsured motorist while riding in an automobile owned by the Virginia Department of Highways. His estate sought to stack the UM coverage in a policy covering three automobiles issued to Cunningham by Insurance Company of North America. Lipscombe sought recovery from his insurer, Security Insurance Company of Hartford, for injuries sustained in a collision caused by an uninsured motorist. Lipscombe attempted to stack the coverage provided by the UM provisions of a two-car policy issued by Security. In allowing the parties in *Cunningham* and *Lipscombe* to combine the UM coverages, we relied heavily on *Sturdy* v. *Allied Mutual Insurance Co.,* 203 Kan. 783, 457 P.2d 34 (1969). In *Sturdy* it was held that in accordance with "general principles of indemnity" the amount of lia-

bility incurred should be proportionate to the amount of premiums charged. 203 Kan. at 793, 457 P.2d at 42. The court reasoned that, absent plain and unmistakable language to the contrary, if two premiums were charged under one policy, the insured could expect double coverage. 203 Kan. at 792, 457 P.2d at 41.

With adoption of the principle espoused in *Sturdy*,[2] it is now the rule in Virginia that the stacking of UM coverage will be permitted unless clear and unambiguous language exists on the face of the policy to prevent such multiple coverage. Under principles previously embraced, any ambiguity contained within a policy will be construed against the insurer. We must now examine the policy issued by Goodville to determine if the specific language expressed in the policy insulates the insurer from any stacking of UM coverage.

■ Under the heading "PROTECTION AGAINST UNINSURED MOTORISTS INSURANCE", the policy issued to the decedent states in pertinent part:

### III. LIMITS OF LIABILITY

*Regardless of the number of . . . motor vehicles to which this insurance applies,*

(a) the limit of liability for bodily injury stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting "each person", the limit of liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident. [Emphasis added.]

Language closely resembling the limitation set forth above has been held *not* to be ambiguous in a number of jurisdictions. *See, e.g., Hampton* v. *Allstate Insurance Co.,* 616 P.2d 78 (Ariz. App. 1980); *Otto* v. *Allstate Insurance Co.,* 2 Ill. App.3d 58, 275 N.E.2d 766 (1971);

[2] In *Lipscombe,* 213 Va. at 84, 189 S.E.2d at 323, we said:
 The *Sturdy* thesis, which we have adopted, is that it takes "plain, unmistakable language" to prevent "stacking" in this type case. However, Security's mere exclusion of the ambiguous clause did not inform Lipscombe that he was entitled to only one coverage regardless of what status he occupied when injured and regardless of the number of vehicles insured. [Citation omitted.]

*Allstate Insurance Co.* v. *McHugh,* 124 N.J. Super. 105, 304 A.2d 777 (1973), *aff'd.,* 126 N.J. Super. 458, 315 A.2d 423 (1974); *Pacific Indemnity Co.* v. *Thompson,* 56 Wash.2d 715, 355 P.2d 12 (1960). Other jurisdictions have taken the opposite view. *See, e.g., Employers Liability Assurance Corp.* v. *Jackson,* 289 Ala. 673, 270 So.2d 806 (1972); *Tucker* v. *Government Employees Insurance Co.,* 288 So.2d 238 (Fla. 1973); *Hartford Accident and Indemnity Co.* v. *Bridges,* 350 So.2d 1379 (Miss. 1977).

In *Virginia Farm Bureau Mutual Insurance Co.* v. *Wolfe,* 212 Va. 162, 164-65, 183 S.E.2d 145, 147 (1971), we permitted pyramiding of medical payments coverage and said in our opinion:

> If the company had intended to limit the medical payment coverage to one automobile, and thereby remove the conflict between the limitation of liability and the separability clauses, it could have done so by the use of clear and unambiguous language. *See Hansen* v. *Liberty Mutual Fire Insurance Company,* 116 Ga.App. 528, 157 S.E.2d 768 (1967), where the policy stated in plain and unambiguous language that the $1,000 limit for each person is the limit of the company's liability for all medical expenses incurred by each person, *regardless of the number of automobiles to which the policy applies.* [Emphasis added.]

We conclude that the language of Goodville's policy, *viz.,* "[r]egardless of the number of . . . motor vehicles to which this insurance applies," is clear and unambiguous and requires the construction that stacking is not permissible. With the foregoing language, the policy plainly limits Goodville's UM liability for damages to any one person as a result of any one accident to $25,000. The mere fact that two vehicles are insured and two separate premiums are charged is of no consequence in light of the express language of the policy.

For the reasons stated herein we hold that the maximum amount by which Goodville could be held liable under its policy issued to the decedent is $25,000. The judgment of the lower court is therefore reversed and final judgment is entered here in favor of the insurer, Goodville.

*Reversed and final judgment.*