## CIRCUIT COURT OF THE CITY OF NORFOLK

Wendy Abernethy

v.

United Services
Automobile Association

January 22, 1991

Case No. (Law) L-90-1643

By JUDGE THOMAS R. McNAMARA

In its simplest description, this is an action for money allegedly owing under a contract. The language of the contract, if valid, controls the right of recovery.

The plaintiff's claim arises out of an automobile accident in which she received injuries as a passenger in a vehicle driven by one Bankes when struck by a vehicle driven by one Vokshoorzadeh. She settled with Bankes for $100,000.00, which was fully paid and obtained judgment against Vokshoorzadeh for $650,000.00, of which a policy limit of only $25,000.00 has been paid.

Plaintiff was an insured under the contract she sues on, an automobile liability policy issued by defendant USAA to her father, which carries uninsured/underinsured motorist coverage in the amount of $50,000.00 for injury to one person. For this amount, she seeks judgment here.

The uninsured/underinsured provisions of the policy contain the following limitations:

> (e) Any amount recoverable as damages because of bodily injury or property damages sustained in an accident by a person who is an insured under this insurance shall be reduced by all sums paid because of such bodily injury or

property damage by or on behalf of any person or organization jointly or severally liable, together with the owner or operator of an uninsured motor vehicle for such bodily injury or property damage, including all sums paid under the bodily injury or property damage coverage of the policy.

As applied in this instance, the "amount recoverable as damages" under the policy is $50,000.00. This is to be "reduced by all sums paid because of such bodily injury . . . by . . . any person . . . jointly liable together with the . . . operator of an uninsured motor vehicle . . . ." The person jointly liable with the underinsured motorist was Bankes who paid $100,000.00 in settlement. Thus the exposure of $50,000.00 is completely eliminated when reduced by $100,000.00 paid by Bankes.

This contract provision is clear and unambiguous. It does not involve consideration of the additional $75,000.00 paid under the underinsured motorist coverage of the Bankes policy. It controls the obligations of USAA under the policy in question unless by statute it is impermissible, which does not appear to be the case. *See Goodville Mut. Cas. Co. v. Borror*, 221 Va. 967, 275 S.E.2d 625 (1981). The legislative purpose of providing a person injured by an inadequately insured wrongdoer with a supplementary source of funds through underinsured motorist coverage is not frustrated by language limiting such coverage where the limitation applies only if another source of such funds, a solvent co-defendant, supplies the need.

Summary judgment for defendant will be granted.