## CIRCUIT COURT OF MONTGOMERY COUNTY

Nadine S. Hosp

    v.

Erie Insurance Co.

May 8, 1991

By JUDGE DUANE E. MINK

Please be advised that I have reviewed the pleadings, the insurance policies, and the memoranda submitted with regard to the above-referenced case. After reviewing the memos and the cases cited therein, I believe that we all agree that the law applicable to this case is that the stacking of uninsured/underinsured motorist coverages is permissible unless prohibited by clear and unambiguous language in the policy. *Goodville Mutual v. Borror*, 221 Va. 967, 275 S.E.2d 625 (1981). I am of the opinion that as long as the limited language is clear and unambiguous, then it is irrelevant as to whether or not there is a separate itemized charge for each of the vehicles to which coverage is afforded under a single policy of insurance. The law should be applied consistently to the same unambiguous language, whether it is included in intra-policy coverage or inter-policy coverages. If the language is sufficient to prohibit stacking in inter-policy coverages, then it should likewise be sufficient to limit for intra-policy coverages. This is true because in each case we have a specific premium being paid for uninsured motorist coverages, which by policy provisions and state law includes underinsured motor vehicles. I believe that *Mitchell v. State Farm Insurance*, 227 Va. 452, 318 S.E.2d 288 (1984), which involves three different policies, does indeed furnish precedent for the case at bar. However, the ultimate issue is whether or not the policy issued to Mr. Hosp and in

effect at the time of the accident, prohibits stacking by clear and unambiguous language. First, let us examine the language set forth in Part IV of the policy under consideration. Part IV provides for the protection against uninsured motorists. Among other things contained therein, we find the following:

LIMITS OF LIABILITY.

Regardless of the number of . . . . (4) motor vehicles to which this insurance applies:

(a) The limit of liability for bodily injury stated in the Declarations as applicable to "each person" is the limit of the ERIE's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provisions respecting "each person," the limit of liability stated in the Declarations as applicable to "each accident" is the total limit of the ERIE's liability for all damages because of bodily injury sustained by two or more persons as a result of any one accident.

That identical language was considered in *Goodville Mutual v. Borror*, 221 Va. at 967. That was an uninsured motorist case that held that that language was clear and unambiguous and that it prohibited stacking of U.M. coverage.

To completely analyze the policy in question, we must consider the endorsement attached to the policy. It must be noted that the endorsement heading is as follows:

SUPPLEMENTARY UNINSURED MOTORIST INSURANCE
Virginia

(Bodily Injury - Property Damage - Limits -
Underinsured Motorists )

The caption unmistakably sets up underinsured motorist coverage as a sub-category of uninsured motorist insurance coverage. Next, we go to the first paragraph below the schedule, which reads as follows:

It is agreed that, with respect to such insurance as is afforded by the policy for damages because of bodily injury and property damage caused by accident and arising out of the ownership, maintenance or use of an *uninsured* motor vehicle, subdivision (1) of the definition of "uninsured motor vehicle" *is amended* to include "underinsured motor vehicle," subject to the following provisions. (Emphasis added.)

I believe that any reasonable and prudent person would immediately be referred to uninsured motorist provisions of the basic policy of insurance to determine the coverage and limitations regarding that particular coverage. The endorsement is subject only to (1) the schedule of limits must be filled out on the endorsement, or provided therefor in the Declarations. The only other limiting factor is the definition of the underinsured set forth in Paragraph 2 on the endorsement.

In consideration of all the foregoing, the Court is of the opinion that Erie's position is well taken and that stacking is prohibited under the terms and conditions of the policy of insurance issued to Mr. Robert S. Hosp, Jr.