418 S.E.2d 349

Randall L. JOHNSON, Administrator of Estate of Regenia Gayle Johnson, Plaintiff Below, Appellee,

v.

Tommy NEAL and Virginia Farm Bureau Mutual Insurance Company, Defendants Below, Appellants.

No. 20851.

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1992.

Decided May 15, 1992.

David M. Kersey, Brewster, Morhous & Cameron, Bluefield, for appellee.

Dwayne E. Cyrus, Law Offices of Ben B. White, Jr., Princeton, for appellant, Virginia Farm Bureau Mut. Ins. Co.

## PER CURIAM:

Virginia Farm Bureau Mutual Insurance Company appeals the order of the Circuit Court of Mercer County holding that the insurance company's potential liability to Randall L. Johnson, the Administrator of the Estate of Regenia Gayle Johnson, was $250,000, an aggregated uninsured motorist benefit, rather than $100,000, the stated policy benefit. The circuit court interpreted the insurance policy under West Virginia law, which allows the stacking of certain insurance benefits when multiple premiums are paid. On appeal, the insurance company argues that the circuit court erred in failing to interpret the policy under Virginia law, which allows a policy to prohibit the stacking of benefits. Because we find that the policy should have been interpreted under Virginia law, we reverse the order of the circuit court.

Regenia Johnson, a Virginia resident, died shortly after she was involved in a head on collision on September 17, 1988, at approximately 1:30 a.m. The accident occurred in West Virginia when Tommy Neal, a West Virginia resident, drove in the wrong direction on a four lane road at a high rate of speed without headlights. Because Mr. Neal did not carry motor vehicle liability insurance, he is considered an "uninsured motorist" under Ms. Johnson's insurance.

Ms. Johnson was insured under a Virginia Farm policy issued to Eleanor B. Johnson, Ms. Johnson's mother. The policy includes uninsured motorist coverage for three separate automobiles, all of which are registered and licensed in Virginia. The policy provides the following uninsured motorist coverage: $100,000 per person/$300,000 per occurrence for a 1988 Oldsmobile, the involved automobile (premium $11), $100,00/$300,000 for a 1984 Chevrolet (premium $10) and $50,000/$100,000 for a 1974 Dodge (premium $9).[1] The policy included an anti-stacking provision to limit the coverage to the amount specified for each car.[2]

The insurance company, a Virginia company, has its principal place of business in Virginia and issues policies only to Virginia residents. The policy was written and issued in Virginia although the insurance company acknowledges that coverage applies to any accident that occurs within the United States and Canada and that the policy shall be construed to comply with compulsory insurance laws of other states.

Randall L. Johnson, Ms. Johnson's administrator, filed suit in West Virginia against Mr. Neal and Virginia Farm. Mr. Johnson, contending that the insurance policy should be interpreted under West Virginia law, sought summary judgment to entitle him to collect from the insurance company for any judgment rendered against Mr. Neal up to $250,000, the stacked or

---

1. See *State Auto Mut. Ins. Co. v. Youler*, 183 W.Va. 556, 396 S.E.2d 737, 740 n. 2 (1990) (noting that Mrs. Youler purchased two policies with uninsured motorist coverage and that no issue was raised comparing the premium costs of the two policies to such costs if one policy had been issued).

2. The Virginia Farm policy in Part IV, Limits of Liability, provided, in pertinent part:

   Regardless of the number of (1) persons or organizations who are insureds under this insurance, (2) persons or organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damage, or (4) motor vehicles to which this insurance applies,
   (a) the limit of liability for bodily injury stated in the declarations as applicable to

"each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting "each person", the limit of liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident. The limit of liability for property damage stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages because of property damage to all property of one or more insureds as the result of any one accident.

aggregate uninsured motorist benefit for the three insured vehicles. The insurance company also sought summary judgment contending that the contract should be interpreted under Virginia law, which would limit the insurance company's liability to $100,000, the policy benefit. The circuit court granted Mr. Johnson's motion by determining that because West Virginia law applied, Virginia Farm's potential liability was $250,000. Count 1 of the complaint against Mr. Neal remains pending in circuit court.

On appeal Virginia Farm company argues that the circuit court erred in holding that its insurance contract should be interpreted under West Virginia law because the insurance contract was issued in Virginia by a Virginia company to a Virginia resident. Because we agree that the circuit court should have interpreted this insurance contract under Virginia law, we reverse the decision of the circuit court.

### I

On appeal, the only issue is whether the validity of the policy's prohibition against the stacking of uninsured motorist coverage is determined by the law of West Virginia, the situs of the accident, or of Virginia, the situs of the insurance policy and the residence of the insured. In West Virginia, the policy's prohibition against the stacking of uninsured motorist coverage is void. *See* Syllabus Point 3, in part, *State Auto. Mut. Ins. Co. v. Youler, supra* n. 1 ("[s]o-called 'antistacking' language in automobile insurance policies is void under *W.Va.Code*, 33–6–31(b) ..."). However, Virginia allows the antistacking language of an insurance contract to bar the stacking of uninsured motorist benefits for the multiple vehicles listed on a policy. *See Goodville Mut. Cas. Co. v. Borror*, 221 Va. 967, 971, 275 S.E.2d 625, 628 (1981) (the "policy ... is clear and unambiguous and requires the construction that stacking is not permissible"); *Mitchell v. State Farm Mut. Auto. Ins. Co.*, 227 Va. 452, 318 S.E.2d 288 (1984).

In *Lee v. Saliga,* 179 W.Va. 762, 373 S.E.2d 345 (1988), we discussed a conflict of laws issue involving uninsured motorist insurance. In *Lee,* we first reviewed the nature and scope of uninsured motorist insurance and concluded that "uninsured motorist cases may raise questions of both tort and contract law." *Lee id.,* 179 W.Va. at 766, 373 S.E.2d at 349. We noted that the contract questions include coverage, enforceability of exclusionary clauses and applicable limits of uninsured motorist coverage. *Lee id.* Based on our analyses, we concluded in Syllabus Point 1, *Lee:*

> Where in a suit for the recovery of uninsured motorist insurance benefits an issue arises which involves insurance coverage, that issue is to be resolved under conflict of laws principles applicable to contracts.

In *Lee,* we then discussed conflict of laws principles applicable to contracts and determined that the parties reasonably expect the laws of the state where the policy was issued to control rather than the laws of another state "whose only connection to the dispute is the fortuity that the accident occurred there." *Lee id.,* 179 W.Va. at 769, 373 S.E.2d at 352. In Syllabus Point 2, *Lee,* we held:

> The provisions of a motor vehicle policy will ordinarily be construed according to the laws of the state where the policy was issued and the risk insured was principally located, unless another state has a more significant relationship to the transaction and the parties.

*See Liberty Mut. Ins. Co. v. Triangle Industries, Inc.,* 182 W.Va. 580, 390 S.E.2d 562, 565 (1990) (holding the law of the state of contract formation should govern "when an insurance policy is executed in one state for coverage in another state, and the damage takes place in a third" unless another state has a more significant relationship to the transaction or the law is contrary to public policy).

In the present case, the insurance policy was issued in Virginia by a Virginia company to a Virginia resident. West Virginia's relationship to the transaction based on the situs of the accident and the residence of the uninsured motorist is minor. Because there is no compelling reason to

deviate from our normal rule of applying in contract cases the ancient doctrine of *lex loci contractus, Paul v. National Life Ins. Co.*, 177 W.Va. 427, 352 S.E.2d 550 (1986), we apply Virginia law.

Nonetheless, Mr. Johnson argues that this case should be considered under the laws of West Virginia because (1) the policy contains language allowing the coverage, if insufficient, to comply with the compulsory insurance laws of other states and (2) the provision against stacking is contrary to this State's public policy.

■ The insurance policy's provision that provides sufficient coverage to comply with compulsory insurance imposed by other states does not indicate that the parties intended to be bound by any other state's law except in the amount of insurance coverage.[3] In addition, the endorsement for uninsured motorist insurance, specifically states, "[t]he company will pay in accordance with Section 38.1–381 of the Code of Virginia...." Given that the policy's uninsured motorist coverage states that its benefits are governed by the Virginia statute, we find Mr. Johnson's argument that the compulsory insurance section's reference to other states requires the interpretation of the contract under the laws of each state in which the vehicle might be driven to be without merit.

■ Although we have recognized that a state is not required to follow the law of another state if it is contrary to its own public policy (*Lee supra*, 179 W.Va. at 770, 373 S.E.2d at 353 n. 19), we decline to stretch West Virginia's public policy to require such an interpretation of an insurance contract made in Virginia between a Virginia company and a Virginia resident, especially when Virginia reached a different conclusion when it has addressed the specific issue of benefit stacking. *See Joy v. Chessie Emp. Fed. Credit Union*, 186 W.Va. 118, 122, 411 S.E.2d 261, 265 (1991) (declining to apply West Virginia law whenever a West Virginia consumer is involved because to do so would imply "that our sister states are not willing to protect consumers").

For the above stated reasons, the judgment of the Circuit Court of Mercer County is reversed and the case is remanded for proceedings consistent with this opinion.

Reversed and remanded.

---

**3.** Section 18, Out–Of–State Insurance, of the Conditions part of the insurance policy provides the following:

If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and the kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province; provided that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss.