533 S.E.2d 359

Michael STOUT and Darla Stout,
Plaintiffs Below, Appellants,

v.

RAVENSWOOD ALUMINUM
CORPORATION, Defendant
Below, Appellee.

No. 26660.

Supreme Court of Appeals of
West Virginia.

Submitted April 12, 2000.

Decided June 16, 2000.

Brent E. Beveridge, Esq., Beveridge Law Offices, Fairmont, West Virginia, Attorney for Appellants.

Ronda L. Harvey, Esq., P. Michael Pleska, Esq., Bowles Rice McDavid Graff & Love, Charleston, West Virginia, Attorneys for Appellee.

PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Jackson County entered on March 19, 1999. In that order, the circuit court granted summary judgment in favor of the appellee and defendant below, Ravenswood Aluminum Corporation (hereinafter "Ravenswood")[1] in a civil action filed pursuant to W.Va.Code § 23–4–2(c)(2)(ii) (1994) by the appellants and plaintiffs below, Michael and Darla Stout (hereinafter "the Stouts"). In this appeal, the Stouts contend that summary judgment was improper because the circuit court did not give fair consideration to the depositions they submitted in response to the motion for summary judgment.

This Court has before it the petition for appeal, the entire record, and the briefs and argument of counsel. For the reasons set forth below, the final order of the circuit court is reversed, and this case is remanded so that the circuit court may make appropriate findings of fact and conclusions of law to justify its decision.

I.

On February 23, 1995, Michael Stout, an employee of Ravenswood, was injured when an eight-to-twelve foot section of overhead duct work fell on a forklift he was operating inside the Ravenswood plant. According to Stout, he had been instructed by his foreman to remove molten metal spillage from the floor of the M–2 Bay area of the plant. The duct work fell from thirty feet overhead and damaged the forklift's protective canopy knocking Stout to the floor and causing him to suffer serious and permanent injuries to his shoulder, back, neck, and wrist. The section of duct work that fell on Stout had not been used for more than five years and was not connected to any furnaces within the plant.

On February 24, 1997, the Stouts filed this civil action against Ravenswood pursuant to the "deliberate intention" statutory exception to employer immunity from work-related tort liability to employees provided for in W.Va. Code § 23–4–2(c)(2)(ii).[2] The Stouts alleged that several bolts had been removed from the overhanging duct work creating a specific unsafe working condition and a high degree of risk and strong probability of serious injury when Michael Stout picked up spills below the overhanging duct work. After discovery had been completed, Ravenswood filed a motion for summary judgment. The motion was granted on March 10, 1999, with the circuit court finding that the Stouts had not

1. After this action was filed, Ravenswood Aluminum Corporation became known as Century Aluminum of West Virginia, Inc.

2. W.Va.Code § 23–4–2(c)(2)(ii) (1994) provides that a plaintiff may establish "deliberate intention" in a civil action against an employer for a work-related injury and recover damages in excess of the benefits received through workers' compensation by offering evidence to prove the following:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer had a subjective realization and an appreciation of the existence of such specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by such specific unsafe working condition;

(C) That such specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of such employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C) hereof, such employer nevertheless thereafter exposed an employee to such specific unsafe working condition intentionally; and

(E) That such employee so exposed suffered serious injury or death as a direct and proximate result of such specific unsafe working condition.

produced sufficient evidence to satisfy subsections (B), (C), and (D) of W.Va.Code § 23-4-2(c)(2)(ii). On March 15, 1999, the Stouts filed a motion for reconsideration with the circuit court. The motion was denied by the final order entered on March 19, 1999. This appeal followed.

## II.

In this appeal, the Stouts contend that the circuit court did not afford fair consideration to the deposition testimony presented with their response to the motion for summary judgment filed by Ravenswood. In support of this contention, the Stouts note that the March 10, 1999 opinion order granting summary judgment in favor of Ravenswood states that "[t]he Plaintiffs filed a response to the Defendant's Motion, but did not include with this response any attachments or affidavits." Upon receiving the March 10, 1999 opinion order, the Stouts filed a motion for reconsideration indicating that they had in fact filed the depositions of Billy Hendricks, Roy Grimm, H.D. Starcher, Michael Stout, and Richard Long along with their response. Apparently, the circuit court clerk's office thought that the depositions filed by the Stouts with their response to the motion for summary judgment were merely discovery depositions which had been improperly filed. The clerk's office was in the process of returning the depositions to the Stouts' counsel when the circuit court considered the summary judgment motion. The supplemental order which was entered by the circuit court on March 19, 1999, and which is considered the final order for the purposes of this appeal, states that the circuit court revisited its ruling upon receipt of the motion for reconsideration, and even upon review of the Stouts' attachments, is of the opinion that summary judgment is proper in this case.

■ In considering a motion for summary judgment, the circuit court must determine whether there are any issues for trial. Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment may be granted when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Syllabus

Point 2 of *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995), this Court held that,

> Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

■ In Syllabus Point 1 of *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Nonetheless, this Court has also stated that "on summary judgment, a circuit court must make factual findings sufficient to permit meaningful appellate review." *Gentry v. Mangum,* 195 W.Va. 512, 521, 466 S.E.2d 171, 180 (1995). As this Court further explained in *Fayette County Nat'l Bank v. Lilly,* 199 W.Va. 349, 354, 484 S.E.2d 232, 237 (1997), "the circuit court's order must provide clear notice to all parties and the reviewing court as to the rationale applied in granting or denying summary judgment." Accordingly, in Syllabus Point 3 of *Lilly,* this Court held that,

> Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

■ Having thoroughly considered both the March 10, 1999 and the March 19, 1999 orders, this Court finds that this case must be remanded so that the circuit court may make appropriate findings of fact and conclusions of law to justify its decision in accordance with the holding in *Lilly.* Although the March 10, 1999 opinion order sets forth sufficient findings of fact and conclusions of law, the circuit court did not consider the depositions submitted by the Stouts at that time because of an inadvertent clerical error. When the circuit court reviewed the motion for reconsideration, it merely affirmed its

prior order without setting forth any additional findings of facts or conclusions of law relating to the depositions submitted by the Stouts.[3]

While the circuit court did not grant Ravenswood summary judgment in the March 10, 1999 order solely on the basis of the inadequacy of the Stouts' response, it is clear that the circuit court considered the absence of the depositions cited by the Stouts to be indicative of the lack of a genuine issue for trial. In fact, the circuit court stated in its findings that "Plaintiffs have not shown there to have been any complaints to the Defendant regarding the safety of working around the duct work." In addition, the court stated that "Plaintiffs have not adduced any evidence which would demonstrate Michael Stout was directed to perform this particular job on the date of his accident."

The depositions which the Stouts submitted with their response directly addressed the issues upon which summary judgment was granted. As discussed above, the March 10, 1999 order suggests that summary judgment was granted, at least in part, because the Stouts failed to submit any depositions or affidavits to refute the evidence offered by Ravenswood in support of its motion for summary judgment. Given this fact, we conclude that the circuit court committed reversible error by granting summary judgment without including sufficient findings of facts and conclusions of law in its March 19, 1999 order showing that the deposition testimony of Billy Hendricks, Roy Grimm, H.D. Starcher, Michael Stout, and Richard Long was properly considered. Accordingly, the final order of the Circuit Court of Jackson County entered on March 19, 1999 is reversed, and this case is remanded so that the circuit court may make appropriate findings of fact and conclusions of law to justify its decision.

Reversed and remanded.

---

**3.** The March 19, 1999 order states as follows:

The Court has reviewed the Plaintiff's Motion for Reconsideration. Based upon this review, the Court has revisited its ruling. Even upon review of the Plaintiff's attachments, the Court is of the opinion that summary judgment is proper in this case, the reasoning in the Court's previous Opinion Order granting summary judgment is sound, and the Court should not void the Opinion Order.