IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2022 Term

**FILED**

**May 27, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0044

STATE FARM FIRE AND CASUALTY
COMPANY,
Petitioner

v.

NATHANIEL REALTY, LLC and
HOWARD SHACKELFORD, MD,
Respondents.

Appeal from the Circuit Court of Ohio County
The Honorable Ronald E. Wilson
Case No. 18-C-116

REVERSED AND REMANDED

Submitted: May 3, 2022
Filed: May 27, 2022

Tiffany R. Durst, Esq.
Nathaniel D. Griffith, Esq.
Pullin, Fowler, Flanagan,
Brown & Poe PLLC
Morgantown, West Virginia
Counsel for Petitioner

Luca D. DiPiero, Esq.
Scott S. Blass, Esq.
Bordas & Bordas, PLLC
Wheeling, West Virginia
Counsel for Respondents

JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.     "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

2.     "Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review.  Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed."    Syl. Pt. 3, *Fayette County National Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds, Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014).

3.     "'The law of the state in which a contract is made and to be performed governs the construction of a contract when it is involved in litigation in the courts of this state.' Syl. pt. 1 (in part) *Michigan National Bank v. Mattingly*, 158 W. Va. 621, 212 S.E.2d 754 (1975)."  Syl. Pt. 2, *General Electric Co. v. Keyser*, 166 W. Va. 456, 275 S.E.2d 289 (1981).

4.     "In a case involving the interpretation of an insurance policy, made in one state to be performed in another, the law of the state of the formation of the contract shall govern, unless another state has a more significant relationship to the transaction and

the parties, or the law of the other state is contrary to the public policy of this state." Syl.

Pt. 1, *Liberty Mutual Ins. Co. v. Triangle Indus.*, 182 W. Va. 580, 390 S.E.2d 562 (1990).

ARMSTEAD, J.:

Petitioner State Farm Fire and Casualty Company (hereinafter "State Farm"), appeals the Circuit Court of Ohio County's December 21, 2020 Order granting Respondents' motion for partial summary judgment.[1] On appeal, State Farm argues that the circuit court erred in finding coverage for a bat infestation under a Rental Dwelling Policy it issued to Respondent Nathaniel Realty. Respondents argue that the circuit court did not err in finding that coverage existed under the facts of this case.

Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we conclude that the circuit court's order fails to set forth factual findings sufficient to permit meaningful appellate review. For this reason, we reverse and remand this action to the circuit court for further development in light of our decision regarding the choice of law dispute.

## I. FACTS AND PROCEDURAL HISTORY

Respondent Nathaniel Realty, LLC (hereinafter "Nathaniel Realty") is a limited liability company organized under the laws of Ohio with its principal office in Ohio. Respondent Dr. Howard Shackelford is the sole member of Nathaniel Realty. Nathaniel Realty owns a parcel of land and a house located in Salesville, Ohio (hereinafter the

---

[1] The order also continued the previously scheduled trial date of January 19, 2021.

1

"Property").  It is undisputed that the Property was insured by a Rental Dwelling Policy (hereinafter the "Policy") issued by State Farm.  The instant case arises from a bat infestation, which resulted in Dr. Shackelford[2] making a claim under the Policy.

According to State Farm, Respondents made a claim regarding a bat infestation in 2017.  However, State Farm contends that bats had been an ongoing problem at the Property for years prior to 2017.  According to State Farm, Dr. Shackelford's wife, Mrs. Shackelford, testified that, prior to 2015, she had been cleaning up from what she thought was damage caused by mice but later learned was damage from bats.

According to Dr. and Mrs. Shackelford, they contracted with Terminix in 2015 to remove a bat infestation, which they allege constituted the first time that they were made aware of the bat problem.  Dr. and Mrs. Shackelford contend that they discovered a "separate and distinct" bat infestation in July of 2017 and submitted a claim for that infestation on July 11, 2017.  State Farm responded that the bats presented a safety concern for an inspection and informed Dr. Shackelford that the bats needed to be removed before a State Farm employee could inspect the Property.   According to State Farm, on December 28, 2017, it was advised that the roof of the house had been removed/replaced and that the Property was available for inspection.  An inspection of the dwelling was conducted on

---

[2] Nathaniel Realty and Dr. Shackelford are both plaintiffs, below, and respondents, on appeal.  For the reader's ease, however, we refer to Respondents, collectively, as "Dr. Shackelford."

February 6, 2018.[3]  By letter dated February 27, 2018, State Farm denied the claim.  In support of its denial, State Farm identified several issues including, but not limited to, Dr. Shackelford's failure to promptly notify State Farm of the claim and to permit State Farm to view and/or document the removal of the roof or damage to the property, and lack of coverage under the Policy due to various exclusions.

On or about May 18, 2018, Dr. Shackelford filed a Complaint against State Farm alleging that State Farm:  (1) illegitimately cancelled the Policy; (2) refused to pay and/or offer to pay any of the benefits due and owing to Respondents pursuant to the Policy; (3) arbitrarily, capriciously and/or maliciously refused to promptly, fairly and in good faith adjust and evaluate the claim; and (4) breached the implied covenant of good faith and fair dealing in connection with his claim for coverage under the Policy.  On or about November 18, 2020, Dr. Shackelford filed a motion for partial summary judgment as to the "Breach of Contract" claim against State Farm.  Dr. Shackelford argued that the Policy was an "all-perils policy" that covered "all perils unless specifically excluded by the policy terms."  He claimed to have spent $14,500.00 to have the Property's roof removed and replaced in order to remove the bats from the Property.  Dr. Shackelford further alleged that State Farm's refusal to reimburse him that amount breached the insurance contract.

_____

[3] In its brief before this Court, Respondents agree that a State Farm representative was sent to conduct an investigation of the dwelling on February 6, 2018.  However, in their Complaint, Respondents allege that the inspection was conducted on February 26, 2018.

In its response to Respondents' motion for partial summary judgment, State Farm argued that Ohio law applies to the interpretation of the Policy. In addition, State Farm argued that the Policy does not provide coverage for removal of the roof to eliminate the bats as that was not an "accidental direct physical loss" and Respondents did not provide any documentation that there was accidental direct physical loss to the roof caused by the bats. In the event that the circuit court found that the Respondents had demonstrated "accidental direct physical loss," State Farm alternatively argued that the Policy contained various exclusions that apply in this case and preclude coverage for Respondents' claim for costs incurred for removing and replacing the roof to eliminate the bats.

By order entered on December 21, 2020, the circuit court granted Respondents' motion for partial summary judgment. The three-page order contains seven critical facts, which the circuit court described as "supporting the [Respondents'] motion. Those seven critical facts are as follows:

1. [Respondents] and [State Farm] are parties to an "all-perils" a [sic] contract of insurance, policy number 95-CJ-J 527-4. An "all-perils" insurance contract is more commonly referred to as an "all-risks" policy, and it is one in which the insurer undertakes the risk for all losses of an incidental nature, which, in the absence of fraud or other intentional misconduct of the insured, is not expressly excluded in the policy.

2. There is no argument in this case that the loss incurred by the [Respondents] was a loss excluded explicitly in the insurance policy.

4

3. The [Respondents] lost the home they owned in Ohio because the home became infested with bats.

4. When the [Respondents] discovered the problem, they immediately filed a claim with [State Farm]. [State Farm] refused to come to the home to inspect it. [State Farm's] excuse was that it was too dangerous to inspect the home infested with bats.

5. When State Farm refused to come to the home, [Respondents] tried to solve the problem by hiring outside contractors to remove the bats. That ultimately failed, and they paid $14,500 to the company that attempted to remove the bats. State Farm refused to cover that expense and instead canceled the insurance policy covering the property.

6. State Farm ignored the language in the policy that specifically covered "accidental direct physical loss to the property" and a policy that defined "property damage" as "physical damage to or destruction of tangible property, including the loss of use of the property."

7. It is uncontested that plaintiffs incurred the loss of use of the property in question and incurred expenses of $14,500 to minimize their loss. Their loss was ultimately much more significant than that because they lost the property's use due to the bat infestation. [State Farm] does not challenge the [Respondents'] assertion the [Respondents] lost the property's use due to the bat infestation.

The circuit court's order goes on to state that "[Respondents] purchased a first-class insurance policy that covered all risks and not a cheaper policy that would not have protected them from their home's damages caused by bats' infestation."

Petitioner appeals the circuit court's December 21, 2020 order.

5

## II.  STANDARD OF REVIEW

It is well established that "[a]circuit court's entry of summary judgment is reviewed *de novo*."  Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).  In addition,

> [a]lthough our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review.  Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issue and undisputed.

Syl. Pt. 3, *Fayette County National Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds, Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014).

With these standards in mind, we proceed to the parties' arguments.

## III.  DISCUSSION

By granting Respondents' motion for partial summary judgment, the circuit court conclusively decided the Policy coverage issue in this case in favor of Respondents.  In support of its appeal, State Farm contends that the circuit court erred by:  (1) failing to conclude that Ohio law is applicable to the interpretation of the Policy; (2) finding that the removal of the roof to eliminate bat infestation was an "accidental direct physical loss;" (3) failing to find that the "latent defect" exclusion bars coverage for Respondents' claim; (4) failing to find that the "design defect" exclusion bars coverage for Respondents' claim; (5)

6

failing to find that Respondents' failure to provide timely notice of loss under the Policy precludes coverage; and (6) not concluding that Respondents' failure to notify State Farm of the removal of the roof and failure to document the same bars coverage under the Policy.

Based on our review of the circuit court's cursory order, we find that the court made insufficient findings of fact and conclusions of law for us to conduct an adequate appellate review as to the underlying merits of its grant of summary judgment. However, we do find the record and associated arguments sufficiently developed to address the threshold issue of applicable law and therefore resolve that issue before remanding for further development and/or proceedings as may be necessary.

A.    CONFLICT OF LAWS

As an initial matter, we address the circuit court's failure to clearly address the conflict of laws issue presented herein. The circuit court not only failed to specifically state whether it had determined that West Virginia law or Ohio law governed the issues in this case, we are unable to glean from its order that it made such determination because it failed to cite any case law from either state. Despite the circuit court's failure to address the conflict of laws issue, we find the record and presentation of the issue by the parties adequate to resolve this straightforward issue of law even in the absence of a detailed order from the circuit court.

7

A proper analysis of the conflict of laws issue in this case begins with our holding in *Liberty Mutual Ins. Co. v. Triangle Indus.*, 182 W. Va. 580, 390 S.E.2d 562, (1990). In *Triangle Industries*, we held that "the interpretation of insurance policy coverage, rather than liability, is treated as a contract question for purposes of conflicts analysis." *Liberty Mut. Ins. Co. v. Triangle Indus.*, 182 W. Va. 580, 583, 390 S.E.2d 562, 565 (1990) (citing *Lee v. Saliga*, 179 W. Va. 762, 373 S.E.2d 345 (1988)). West Virginia observes the "normal rule of applying in contract cases the ancient doctrine of *lex loci contractus*." *Johnson v. Neal*, 187 W. Va. 239, 242, 418 S.E.2d 349, 352 (1992). "The law of the state in which a contract is made and to be performed governs the construction of a contract when it is involved in litigation in the courts of this state." Syl. Pt. 2, *General Electric Co. v. Keyser*, 166 W. Va. 456, 275 S.E.2d 289 (1981).

The present case involves an insurance contract. The named insured on the Policy is Nathaniel Realty, a limited liability company organized under the laws of Ohio with its principal office located in Ohio. The Policy was issued from a State Farm office located in Ohio, and the Property insured under the Policy is located in Ohio. We are unpersuaded by Respondents' argument that the Policy was issued in West Virginia simply because the renewal certificate was mailed to Nathaniel Realty's accountant in West Virginia. Further, even if we agreed with Respondents that the Policy was issued in West Virginia, it is evident that Ohio has a more significant relationship to the transaction and the parties than West Virginia, and pursuant to *Triangle Indus.*, Ohio law would still apply.

8

"In a case involving the interpretation of an insurance policy, made in one state to be performed in another, the law of the state of the formation of the contract shall govern, *unless another state has a more significant relationship to the transaction and the parties*, or the law of the other state is contrary to the public policy of this state." Syl. Pt. 1, *Liberty Mutual Ins. Co. v. Triangle Indus.*, 182 W. Va. 580, 581, 390 S.E.2d 562, 563 (1990) (emphasis added).

For these reasons, we conclude that Ohio law is applicable to the interpretation of the Policy at issue in the case *sub judice*.[4]

B.     SUFFICIENCY OF THE PARTIAL SUMMARY JUDGMENT ORDER

Having determined that the law of the State of Ohio is applicable to this matter, ordinarily the Court would proceed to the parties' assignments of error regarding the merits of the circuit court's summary judgment order. However, in order to address State Farm's substantive assignments of error, it is necessary that "we first pause to address the sufficiency of the partial summary judgment order entered in this case." *Toth v. Board of Parks and Recreation Commissioners*, 215 W. Va. 51, 54, 593 S.E.2d 576, 579 (2003). "Although our standard of review for summary judgment remains de novo, a circuit court's

---

[4] We decline to undertake an analysis of the laws of West Virginia and Ohio to determine whether they are aligned on the critical issues in this case as Respondents argue because we believe that analysis must be undertaken by the circuit court upon remand.

order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." Syl. Pt. 3, *Fayette County National Bank v. Lilly,* 199 W. Va. 349, 484 S.E.2d 232 (1974) (overruled on other grounds). In *Lilly*, this Court held:

> an order granting summary judgment cannot merely recite and rest exclusively upon a conclusion that, "[n]o genuine issue of material fact is in dispute and therefore summary judgment is granted." For meaningful appellate review, more must be included in an order granting summary judgment. This Court's function, as a reviewing court is to determine whether the stated reasons for the granting of summary judgment by the lower court are supported by the record … In other words, the circuit court's order must provide clear notice to all parties and the reviewing court as to the rationale applied in granting or denying summary judgment.

*Lilly*, 199 W. Va. at 353-354, 484 S.E.2d at 236-237 (footnote omitted).

In the years following the *Lilly* decision, this Court has been compelled to reverse and remand numerous circuit court orders due to insufficient findings of fact. *See*, *e.g., Nestor v. Bruce Hardwood Flooring, L.P.*, 206 W. Va. 453, 457, 525 S.E.2d 334, 338 (1999) ("We conclude … that the circuit court committed reversible error by granting summary judgment without including sufficient findings of fact and conclusions of law in its final order."); *Stout v. Ravenswood Aluminum Corp.*, 207 W. Va. 427, 430, 533 S.E.2d 359, 362 (2000) ("[W]e conclude that the circuit court committed reversible error by granting summary judgment without including sufficient findings of fact and conclusions of law in its … order showing that … deposition testimony … was properly considered.");

10

and *Estate of Robinson v. Randolph County Commission*, 209 W. Va. 505, 512, 549 S.E.2d 699, 706 (2001) ("[B]ecause the final order did not comply with *Fayette County National Bank v. Lilly*, we remand the case for additional proceedings not inconsistent with this opinion.").

The circuit court's order in this case contains seven paragraphs which it deemed "undisputed critical facts" and on which it appears to have relied in granting Respondents' motion for partial summary judgment. The order is entirely devoid of any statutory or case law or other legal authority. The only Policy language quoted is found in paragraph number 6 which states "State Farm ignored the language in the policy that specifically covered 'accidental direct physical loss to the property' and a policy that defined 'property damage' as 'physical damage to or destruction of tangible property, including the loss of use of the property.'"

The circuit court's order also fails to adequately address State Farm's remaining arguments despite those issues being squarely before the circuit court prior to its ruling. The order finds that there is "no argument in this case that the loss incurred by the [Respondents] was a loss excluded explicitly in the insurance policy." However, the order makes no mention of, and contains no analysis of, State Farm's claims that the "latent defect" and "design defect" exclusions bar coverage for Respondents' claim. In support of its arguments before the circuit court regarding these exclusions, State Farm relied upon

caselaw from Ohio that addressed similar exclusions in insurance contracts. State Farm argued that in *Walker v. McKinnis,* 2005 WL 1864144 (Oh. Ct. App. 2005), an Ohio court found that water intrusion and subsequent damage was caused by a latent defect and was excluded from coverage. State Farm also argued that in *Jewish Community Center v. St. Paul Fire & Marine Ins. Co.*, No. 1:95 CV 1043, 1997 U.S. Dist. LEXIS 24711 (N.D. Ohio Aug. 13, 1997), a federal district court applying Ohio law reviewed a claim regarding water damage that resulted from a design defect (omission of a waterproof barrier in the design of showers) and concluded that the policy at issue in that case contained an exclusion that precluded coverage. The order entered by the circuit court in the instant case did not address these exclusions or any of the Ohio cases cited by State Farm.

Further, the order finds that the Respondents "immediately filed a claim" with State Farm when they discovered the "problem," but it makes no mention of the factual dispute as to whether this was an ongoing problem dating back to or before 2015 or whether there was a "separate and distinct bat infestation" that was discovered in July of 2017. We are not persuaded by Respondents' argument that the circuit court did not err in "disregarding State Farm's argument that the Respondents' claim was untimely submitted." This issue should not have been simply "disregarded" but should have been thoroughly analyzed and the court should have made sufficient findings to permit meaningful review by this Court.

By providing insufficient analysis of the issues raised by State Farm in response to Respondents' motion for partial summary judgment, the circuit court's order did not provide "clear notice to all parties and [this Court] as to the rationale applied in granting" Respondents' motion for partial summary judgment. *Lilly*, 199 W. Va. at 354, 484 S.E.2d at 237. "The necessity of factual findings is based on this Court's function 'to determine whether the stated reasons for the granting of summary judgment by the lower court are supported by the record.'" *Hively v. Merrifield*, 212 W. Va. 804, 808, 575 S.E.2d 414, 418 (2002) (citing *Lilly*, 199 W. Va. at 353, 484 S.E.2d at 236). Because its findings of fact and conclusions of law are inadequately set forth, we are simply unable to determine whether the circuit court properly granted Respondents' motion for partial summary judgment. For these reasons, we reverse the circuit court's grant of summary judgment and remand to the circuit court for further development. On remand, the circuit court should establish the facts that are relevant, determinative of the issues, and undisputed pursuant to *Lilly*. If this case is again resolved by entry of summary judgment for either party, the circuit court must include those facts and its legal reasoning in its future order(s).

## IV. CONCLUSION

Therefore, for the reasons set forth herein, we reverse the December 21, 2020, order of the Circuit Court of Ohio County and remand this action to the circuit court for further development in light of our decision regarding the conflict of laws issue.

13

Accordingly, the December 21, 2020 Order of the circuit court is reversed, and the case is remanded for reconsideration consistent with this opinion.

Reversed and Remanded.