PRESENT:  All the Justices

VIRGINIA FARM BUREAU MUTUAL
INSURANCE COMPANY

v.    Record No. 081900                         OPINION BY
                                      JUSTICE BARBARA MILANO KEENAN
                                                June 4, 2009

VIRGINIA C. WILLIAMS,
AN INFANT WHO SUES BY HER
FATHER AND NEXT FRIEND,
ROBERT WILLIAMS, ET AL.


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    John C. Morrison, Jr., Judge

     In this appeal, we consider whether an exclusion in an

automobile insurance policy prohibited an insured party from

"stacking," or combining, the uninsured/underinsured motorist

coverage for bodily injury (UM/UIM coverage) on the three

separate vehicles listed in the policy.

     The facts of this case are not in dispute.  Virginia C.

Williams, who was then a minor, was injured in an automobile

accident while riding as a passenger in a vehicle.  Both the

vehicle in which Williams was riding and a second vehicle

involved in the accident were underinsured.

     Williams qualified as an insured of the first class under

her father's automobile insurance policy issued by Virginia Farm

Bureau Mutual Insurance Company (the policy).  The policy

provides coverage for three separate vehicles, none of which was

involved in the accident.  The UM/UIM coverage portion of the

policy states under the heading entitled "Schedule Limit of Liability:"

> Bodily Injury   $ <u>See Declarations</u>   each person
>                 $ <u>See Declarations</u>   each accident
> Property Damage $ <u>See Declarations</u>   each accident.

Several paragraphs later, in the same UM/UIM section of the policy, the policy states:

> **Limits of Liability:** Regardless of the number of . . . motor vehicles to which this insurance applies, a) [i]f the schedule or declarations indicates split limits of liability, the limit of liability for bodily injury stated as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting "each person" the limit of liability for bodily injury stated as applicable to "each accident", is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident.

The policy "declarations" page lists in the "limits of liability" section one premium paid for a vehicle having UM/UIM coverage of $250,000 for each person and $500,000 coverage for each accident. Two additional premiums paid on two other listed vehicles each provide UM/UIM coverage of $300,000 for each person and $500,000 for each accident.

Williams, by her father as next friend, filed a complaint in the circuit court seeking a declaration of her rights under the policy, asserting that she was entitled to UM/UIM coverage in the total amount of $850,000, which represents the combined

2

UM/UIM bodily injury coverage for each person for the three insured vehicles.[*] Virginia Farm Bureau Mutual Insurance Company (Farm Bureau) filed an answer and a motion for summary judgment asserting that the terms of the policy's UM/UIM coverage prohibited "intrapolicy stacking" and, thus, that the maximum potential UM/UIM coverage for Williams was $300,000. Williams also filed a motion for summary judgment asking the circuit court to declare that she was entitled to UM/UIM coverage of $850,000 under the policy.

After conducting a hearing on the cross-motions for summary judgment, the circuit court entered an order granting each of the motions in part. The circuit court determined that the total UM/UIM coverage afforded to Williams under the policy was $550,000. We granted Farm Bureau's petition for appeal, and also granted Williams' assignment of cross-error.

On appeal, Farm Bureau contends that the circuit court erred in interpreting the policy's UM/UIM coverage. Farm Bureau argues that although Virginia law permits "intrapolicy stacking" of UM/UIM coverage, the policy at issue expressly prohibits such stacking. Farm Bureau relies on our decision in Goodville Mutual Cas. Co. v. Borror, 221 Va. 967, 275 S.E.2d 625 (1981),

---

[*] The complaint also named as defendants the two drivers involved in the automobile accident, the policyholders through whom those drivers had coverage, and the companies providing those policies. This appeal, however, relates only to the Virginia Farm Bureau Mutual Insurance Company policy.

3

in which we held that unambiguous language in the policy at issue prohibited the stacking of UM/UIM coverage for the two vehicles listed in the policy. Farm Bureau contends that its policy contains substantially similar language prohibiting the stacking of UM/UIM coverage. In addition, Farm Bureau argues that any alleged ambiguity regarding whether Williams is entitled to $250,000 or $300,000 in UM/UIM coverage has been resolved in Williams' favor, because Farm Bureau agreed to pay Williams the larger of the two amounts listed for each person in the declarations page of the policy.

In response, Williams asserts that the policy language regarding UM/UIM coverage is ambiguous and, therefore, must be construed to afford Williams the maximum combined UM/UIM bodily injury coverage listed in the declarations page. In her assignment of cross-error, Williams asserts that the circuit court should have stacked the UM/UIM coverage available for all three insured vehicles and declared that Williams is entitled to UM/UIM coverage in the amount of $850,000, rather than $550,000.

Williams argues that the provisions of the policy before us are materially different from the policy provisions at issue in Goodville. Williams argues that, in the policy considered in Goodville, the unambiguous language prohibiting intrapolicy stacking was found entirely in the UM/UIM coverage provision section that also included a schedule listing available coverage

4

of $25,000 for each person, and of $50,000 for each accident. Williams observes that, in contrast, the policy at issue in this case does not provide limits for each person and each accident in a designated schedule stated within the UM/UIM section of the policy.

Williams additionally asserts that the language in the policy limiting UM/UIM coverage to the amount designated for "each person," as stated in the declarations page, does not distinguish among the three separate UM/UIM coverage amounts for "each person" listed for the three insured vehicles. Thus, Williams argues that because the policy does not indicate which vehicle's coverage is applicable in the present case, the policy when read as a whole does not unambiguously prohibit stacking the UM/UIM coverage for the three separate vehicles listed in the policy.

In resolving this issue, we consider established principles of insurance law. The interpretation of an insurance policy presents a question of law that we review de novo on appeal. Seals v. Erie Ins. Exch., 277 Va. 558, 562, 674 S.E.2d 860, 862 (2009); Lower Chesapeake Assocs. v. Valley Forge Ins. Co., 260 Va. 77, 88, 532 S.E.2d 325, 331 (2000); Craig v. Dye, 259 Va. 533, 537, 526 S.E.2d 9, 11 (2000). Courts interpret insurance policies, like other contracts, by determining the parties' intent from the words they have used in the document. Seals,

5

277 Va. at 562, 674 S.E.2d at 862; Lower Chesapeake, 260 Va. at 87-88, 532 S.E.2d at 331; Floyd v. Northern Neck Ins. Co., 245 Va. 153, 158, 427 S.E.2d 193, 196 (1993).  Provisions of an insurance policy must be considered and construed together, and any internal conflicts between provisions must be harmonized, if reasonably possible, to effectuate the parties' intent.  Seals, 277 Va. at 562, 674 S.E.2d at 862; Floyd, 245 Va. at 158, 427 S.E.2d at 196; Suggs v. Life Ins. Co. of Virginia, 207 Va. 7, 11, 147 S.E.2d 707, 710 (1966).

When a disputed policy term is unambiguous, we apply its plain meaning as written.  Virginia Farm Bureau Mutual Ins. Co. v. Gile, 259 Va. 164, 170, 524 S.E.2d 642, 645 (2000); Osborne v. National Union Fire Ins. Co., 251 Va. 53, 56, 465 S.E.2d 835, 837 (1996).  However, if disputed policy language is ambiguous and can be understood to have more than one meaning, we construe the language in favor of coverage and against the insurer. Seals, 277 Va. at 562, 674 S.E.2d at 862; Virginia Farm Bureau, 259 Va. at 169, 524 S.E.2d at 645; see also Lower Chesapeake, 260 Va. at 88, 532 S.E.2d at 331-32; Granite State Ins. Co. v. Bottoms, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992); Caldwell v. Transportation Ins. Co., 234 Va. 639, 642-43, 364 S.E.2d 1, 3 (1988); St. Paul Fire & Marine Ins. Co. v. S.L. Nusbaum & Co., 227 Va. 407, 411, 316 S.E.2d 734, 736 (1984); Goodville, 221 Va. at 970, 275 S.E.2d at 627.

6

Because insurance policies usually are drafted by insurers, we construe ambiguous policy language purporting to exclude certain occurrences from coverage most strongly against the insurer.  Seals, 277 Va. at 562, 674 S.E.2d at 862; Government Employees Ins. Co. v. Moore, 266 Va. 155, 165, 580 S.E.2d 823, 828-29 (2003); Caldwell, 234 Va. at 642-43, 364 S.E.2d at 3; St. Paul, 227 Va. at 411, 316 S.E.2d at 736.  Thus, when an insurer seeks to limit coverage under a policy, the insurer must use language that is reasonable, clear, and unambiguous.  Lower Chesapeake, 260 Va. at 88, 532 S.E.2d at 331; Granite State, 243 Va. at 233, 415 S.E.2d at 134.

In addition to these basic principles governing our interpretation of insurance policies, we also have articulated a general rule that we apply to issues involving the stacking of UM/UIM coverage.  We stated in Goodville that "it is now the rule in Virginia that the stacking of UM[/UIM] coverage will be permitted unless clear and unambiguous language exists on the face of the policy to prevent such multiple coverage."  221 Va. at 970, 275 S.E.2d at 627; accord Lipscombe v. Security Ins. Co., 213 Va. 81, 84, 189 S.E.2d 320, 323 (1972).  Thus, under previously stated general principles, any ambiguity regarding the stacking of coverage within a policy will be construed against the insurer.  See Seals, 277 Va. at 562, 674 S.E.2d at 862; Lower Chesapeake, 260 Va. at 88, 532 S.E.2d at 331-32;

7

Virginia Farm Bureau, 259 Va. at 169, 524 S.E.2d at 645; Granite State, 243 Va. at 234, 415 S.E.2d at 134; Caldwell, 234 Va. at 642-43, 364 S.E.2d at 3; St. Paul, 227 Va. at 411, 316 S.E.2d at 736; Goodville, 221 Va. at 970, 275 S.E.2d at 627.

In resolving the present policy dispute, we compare the policy provisions before us with those we reviewed in Goodville. The policy in Goodville included the following language in its UM/UIM coverage section. In the first paragraph, the "[l]imits of [l]iability" provided:

> Bodily injury $25,000 each person; $50,000 each accident
> Property Damage $5,000 each accident.

Several paragraphs later, the policy read:

> Limits of Liability
> Regardless of the number of . . . motor vehicles to which this insurance applies, (a) the limit of liability for bodily injury stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting "each person", the limit of the liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages because of bodily injury sustained by two or more persons as the result of any one accident.

Goodville, 221 Va. at 970, 275 S.E.2d at 627.

The policy considered in Goodville included separate premiums for the two vehicles listed in that policy. Nevertheless, we held that the policy language in Goodville unambiguously prohibited stacking and limited the plaintiff's

8

coverage to $25,000.  Id. at 970-71, 275 S.E.2d at 627-28.  We stated that the phrase "[r]egardless of the number of . . . motor vehicles to which this insurance applies" was a clear and unambiguous provision prohibiting stacking.  Id. at 970-71, 275 S.E.2d at 628.

Although the policy that is the subject of the present appeal contains this same phrase, that similarity must be considered in the context of the other policy language.  In reviewing the balance of the policy language, we observe that the present policy contains a significant difference from the policy we considered in Goodville.  There, the UM endorsement contained a schedule stating the limits of liability for "each person" at $25,000.  This statement was clearly and unambiguously set forth at the beginning of the UM endorsement, and no other portions of the policy addressed this same subject.

Unlike the policy in Goodville, the present policy does not state the limits of liability for "each person" in a schedule within the UM/UIM endorsement.  Instead, the UM/UIM endorsement refers the reader to the "[d]eclarations" page of the policy, in which there are three references to the term "each person."  Two of those references state a limit of liability for "each person" in the amount of $300,000, while the third reference states a limit of liability for "each person" in the amount of $250,000.

These different sets of coverage, when considered along

with the "anti-stacking" language of the UM/UIM endorsement, leave unresolved the question whether all three separate limits for "each person" apply and, if not, which of the single separate limits for "each person" is applicable. This disparity in the stated limits of liability for "each person" manifests an ambiguity regarding the extent of total coverage for "each person" under the policy.

Contrary to Farm Bureau's assertion, this disparity cannot be resolved by selecting arbitrarily the higher of the two amounts listed for bodily injury for "each person." To do so would ignore the fact that the declarations have three separate entries for "each person," and the "anti-stacking" language in the UM/UIM endorsement only limits coverage to the amount stated for "each person" in the declarations portion of the policy.

Because we must construe this ambiguity in Williams' favor, we hold that Williams is entitled to "stack" the UM/UIM coverage for all three vehicles listed in the policy. Therefore, in accordance with Williams' assignment of cross-error, we hold that the circuit court erred in failing to declare that Williams is entitled to total UM/UIM coverage in the amount of $850,000 under the policy.

For these reasons, we will affirm the part of the circuit court's judgment holding that Williams was afforded UM/UIM coverage under the policy, and will reverse the part of the

10

circuit court's judgment limiting the UM/UIM coverage afforded to $550,000. We will enter final judgment declaring that the policy afforded to Williams, at the time of the accident underlying this action, UM/UIM coverage in the total amount of $850,000.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and final judgment.</u>

11