144

## CIRCUIT COURT OF CHESTERFIELD COUNTY

Walter E. Davis

    v.

Nationwide Mutual
Insurance Co.

August 31, 2010

Case No. CL10-555

BY JUDGE HAROLD W. BURGESS, JR.

On August 13, 2010, counsel appeared and argued cross motions for summary judgment. The sole issue presented by the motions is whether stacking of intra-policy Uninsured Motorists Coverage is permitted in Mr. Davis' case. This Court took the matter under advisement, and, after careful consideration of the applicable precedent, this Court rules as follows.

*Facts*

On or about December 23, 2007, Mr. Davis was driving to church. The Defendant allegedly ran a stop sign and hit Mr. Davis, causing him to suffer severe injuries. Mr. Davis claims he has incurred approximately $119,000 in medical expenses. The Defendant had insurance at the time of the accident with Encompass Insurance Company, with limits of $100,000 per person, $300,000 per covered occurrence. Mr. Davis had automobile insurance with Nationwide for the policy period from September 7, 2007, to January 30, 2008. The policy named Mr. Davis as the insured and provided liability coverage in connection with four vehicles. The declarations page details the insured vehicles and a schedule of coverage. On this page, the policy refers to four separate premiums for Uninsured Motorists Coverage (UIM), but each premium secures the same limit of liability, "$500,000 each person."

Additionally, the Nationwide policy contained what is often referred to as an "anti-stacking" clause in the section of the policy detailing UIM. The clause in the UIM endorsement reads as follows:

> *Limit of Liability*: A. The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services, or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for each person, the limit of Bodily Injury Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident.
>
> The limit of Property Damage Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all property damage resulting from any one accident.
>
> This is the most we will pay regardless of the number of:
>
> 1. Insureds;
> 2. Claims made; or
> 3. Vehicles or premiums shown in the Declarations.

In support of his motion for summary judgment, Mr. Davis points to the Virginia rule that stacking of UIM coverage will be permitted unless clear and unambiguous language exists on the face of the policy to prevent multiple coverage. Additionally, he contends the Virginia Supreme Court's decision in *Virginia Farm Bureau Ins. Co. v. Williams*, 278 Va. 75, 677 S.E.2d 299 (2009), demonstrates there is still ambiguity in the policy despite its language as indicated above; and therefore, stacking is permissible and will afford Mr. Davis with $2 million in UIM. Nationwide, in its cross-motion for summary judgment, claims the language is unambiguous and it should only provide $500,000 of UIM, subject to the offset of any liability coverage that is available for payment. Accordingly, discussion of the *Williams* decision and the language in Mr. Davis' Nationwide policy is warranted.

## Discussion

Much like the "anti-stacking" clause from Nationwide's policy, the policy at issue in *Williams* contained similar language. The precise language from the policy in *Williams* was held unambiguous in a case

decided eighteen years prior. In *Goodville Mutual Casualty Co. v. Borror*, the Virginia Supreme Court held the language of the policy, "[r]egardless of the number of . . . motor vehicles to which this insurance applies," was clear and unambiguous, and intra-policy stacking of UIM was prohibited. 221 Va. 967, 971, 275 S.E.2d 625, 628 (1981). Thus, the *Williams* Court faced the task of comparing the policy in *Goodville* with the policy at issue in its case to discern if there was any ambiguity, which would support intra-policy stacking of UIM.

The *Williams* Court concluded there was ambiguity. The Court explained that, although the policy at issue contained the same phrase as the policy in *Goodville*, that similarity must be considered in the context of other policy language. *Williams*, 278 Va. at 81, 677 S.E.2d at 303. The Court referenced the UIM endorsement of the policy in *Goodville*, noting it stated the limits of liability for "each person" in a schedule directly within the UIM endorsement. *Id.* at 83, 677 S.E.2d at 303. It then went on to differentiate the UIM endorsement in the policy at issue in *Williams*. Unlike the policy from the *Goodville* case, the *Williams* policy referred the reader to the declarations page of the policy, in which there were three references to the term "each person." Two of those references stated a limit of liability for "each person" in the amount of $300,000, while the third reference stated a limit of liability for "each person" in the amount of $250,000. Therefore, when considering the context of the policy, the Court concluded the language left "unresolved the question whether all three separate limits for "each person" apply and, if not, which of the single separate limits for "each person" is applicable. *Id.*

In this case, Mr. Davis has attempted to frame Nationwide's UIM endorsement section in its policy as a mirror image of the UIM endorsement section in the *Williams* policy. Specifically, Mr. Davis claims the limits of liability section of Nationwide's policy does not unequivocally state the "each person" limit of liability in a schedule like the *Goodville* case, but rather states that the "each person" limit of liability can be found by referring to the declaration's page. Moreover, Mr. Davis claims that unlike in *Goodville* and much like in *Williams*, there is neither a schedule within the UIM endorsement nor a limiting statement on the declarations page clarifying the limit of liability for "each person." He maintains that a schedule or a limiting statement is necessary to explain that only one "each person" limit of liability applies even though there are multiple listed because of the number of vehicles covered by the policy. This Court disagrees.

Mr. Davis' arguments are essentially the same as those advanced by the plaintiff in *Lloyd v. Travelers Property Cas. Ins. Co.*, No.1:10cv47 (E.D. Va. July 22, 2010) (applying Virginia law). The plaintiff in *Lloyd* argued that *Williams* set forth a more stringent rule that the "anti-stacking" clause and the schedule listing the UIM appear in close proximity to one another. *Id.* at 13. This Court agrees with the Court in *Lloyd* that *Williams* does

not hold that the separation of these provisions creates an ambiguity as to stacking or that reference to a declarations page is dispositive of ambiguity. *See id.* at 14 (citing *Salzman v. Kanchev*, 80 Va. Cir. 139 (2010)). The Court in *Salzman* explained that "[h]ad the Supreme Court considered the use of a declarations page itself to be an ambiguity, it would have stated so in clear and specific terms as it identified the other ambiguities that were present in the policy." *Williams* simply stands for the proposition "that an otherwise valid anti-stacking clause is rendered ambiguous where . . . application of the anti-stacking clause leads to an unclear result." *Id.* at 13.

With respect to Mr. Davis' policy, application of the anti-stacking clause does not lead to an unclear result like it did in *Williams*. As other courts have previously indicated, *Williams* is a special case because there were inconsistent values on the declarations page. *See Joyce v. Nationwide*, No. CL09-833 at 1 (Va. Cir. June 25, 2010); *Patterson v. Nationwide*, No. CL09-2805 at 2 (Va. Cir. Apr. 26, 2010). The Courts in both *Joyce* and *Patterson* concluded that, because of consistent values, unlike in *Williams*, "the policy language is clear, there is no ambiguity, and intra-policy stacking is prohibited." Application of the anti-stacking clause at issue in *Williams* would direct the reader to two inconsistent values, one of $250,000 for "each person" and another of $300,000 for "each person." Because a reader could not have known which value was applicable, the Court concluded there was ambiguity regarding the extent of total coverage for "each person" under the policy and construed the policy language most strongly against the insurer.

By contrast, in this case the phrase "each person" has a consistent value of $500,000 under the coverage's listed for each of Mr. Davis' four vehicles. The language is clear. "The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages. . . . This is the most we will pay regardless of the number of . . . vehicles or premiums." The limit as shown in the Declarations is $500,000, no matter which entry for "each person" is examined upon review. There is no ambiguity, and intra-policy stacking is prohibited.

This Court has considered Mr. Davis' argument that focusing only on the ambiguity created by the lack of a consistent value for "each person" "ignore[s] the fact that the declarations have three separate entries for 'each person' and the `anti-stacking' language . . . only limits coverage to the amount stated for "each person" in the declarations portion of this policy." *Williams*, 278 Va. at 83, 677 S.E.2d at 303. His argument takes *Williams* out of its proper context. Immediately preceding this text, the Court in *Williams* explained how the defendant's solution to arbitrarily select the higher of the two amounts listed for "each person" as the proper limit of liability ignores what is properly characterized as the ambiguity present in the policy. *See id.*

Accordingly, Plaintiff's motion for summary judgment is hereby denied, and Defendant's motion for summary judgment is granted.

REPORTER'S NOTE: This opinion is cited in *Clous v. Cutright* (2010), which is printed below at page 289.