## CIRCUIT COURT OF THE CITY OF NORFOLK

Scott Clous

v.

Tracy Cutright,
Adam Petersen,
and Allstate Fire & Cas. Ins. Co

October 21, 2010

Case No. (Civil) CL10-39

By Judge Louis A. Sherman

This matter came before the Court on September 30, 2010, on the plaintiff's action for a declaratory judgment pursuant to § 8.01-184, et seq., of the Code of Virginia, the parties' stipulations with regard to the evidence, the motion for summary judgment on behalf of Nationwide Mutual Insurance Company ("Nationwide"), and the briefs in support of and in opposition to Nationwide's motion for summary judgment and was argued by counsel. The Court took the matter under advisement, and, after careful consideration of the evidence presented and the arguments of the parties, the Court rules as follows.

*Facts*

On or about July 15, 2008, the plaintiff, Scott Clous, was a passenger in a motor vehicle owned and operated by defendant Adam Petersen, when that vehicle was involved in a collision with a vehicle owned and operated by defendant Tracy Cutright. As a result of the collision, Mr. Clous sustained serious bodily injury and filed suit seeking compensatory damages against Tracy Cutright.

Adam Petersen and the vehicle he was operating were uninsured. Tracy Cutright was insured under a policy issued by Allstate Fire and

Casualty Insurance Company ("Allstate"), which provided liability coverage for bodily injury in the maximum amount of $25,000.00.

Plaintiff Scott Clous was insured under a policy of motor vehicle insurance issued by Nationwide, which provided coverage for two automobiles, a 1996 Chevrolet Caprice and a 2007 Chevrolet Impala.

Allstate, Tracy Cutright's liability insurer, offered to pay Mr. Clous its coverage limit of $25,000.00 in exchange for his release of all claims against Tracy Cutright. Nationwide, pursuant to the underinsured motorists provisions of its policy, offered to pay Mr. Clous what it believes is the maximum amount recoverable under the applicable terms of its policy, the sum of $75,000.00. Mr. Clous contends, on the other hand, that Nationwide's underinsurance coverage provides coverage in the amount of $175,000.00.

The Nationwide policy in question named Charles Clous, the plaintiff's father, as the insured and provides liability and Uninsured Motorists ("UM") and Underinsured Motorists ("UIM") coverage with respect to the two aforesaid Chevrolet vehicles described on the declarations page. On this page, the policy refers to two separate premiums for the UM/UIM coverage, but each premium provides the same limit of liability, "$100,000 [for] each person."

Under the UM/UIM coverage section, Nationwide's policy contains what is frequently referred to as an "anti-stacking" clause, which reads as follows:

## I. *Limit of Liability*

A. The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services, or death, arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for each person, the limit of Bodily Injury Liability shown in the Declarations for each accident for Uninsured Motorist Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident.

The limit of Property Damage Liability shown in the Declarations for each accident for uninsured Motorists Coverage is our maximum limit of liability for all property damage resulting from any one accident.

This is the most we will pay regardless of
1. Insureds;
2. Claims made; or
3. Vehicles or premiums shown in the Declarations.

## Issue Presented

The sole issue presented is whether the UM/UIM coverages for the two vehicles insured under Nationwide's policy may be "stacked," such that the coverage limit is in the amount of $200,000 (less the $25,000.00 offered by Allstate); or may not be "stacked," such that the coverage limit is in the amount of $100,000.00 (again, less the $25,000.00 offered by Allstate).

## Discussion

Intra-policy stacking of UM and UIM coverages is permitted in Virginia unless clear and unambiguous language exists on the face of the policy which prevents stacking. *Goodville Mutual Cas. Co. v. Borror*, 221 Va. 967 (1981).

Mr. Clous argues that the Virginia Supreme Court's recent decision in *Virginia Farm Bureau Ins. Co. v. Williams*, 278 Va. 75 (2009), which concluded that the Virginia Farm Bureau policy's UM and UIM language was ambiguous, applies in this case to Nationwide's policy and that stacking is permissible here. Nationwide claims its policy's language is unambiguous, and stacking should not be permitted.

The Virginia Supreme Court in *Williams* concluded there was ambiguity in the Virginia Farm Bureau's policy, referencing the UIM endorsement of the policy in *Goodville* and noting the *Goodville* policy stated the limits of liability for "each person" in a schedule directly within the UIM endorsement. *Williams*, 278 Va. 75 at 83. The Supreme Court then went on to distinguish the UIM endorsement in the policy at issue in *Williams*. Unlike the *Goodville* policy, the *Williams* policy referenced the reader to the declarations page of the policy, in which there were three references to the term "each person." Two of those references provided a limit of liability for "each person" in the amount of $300,000.00 while the third reference stated a limit of liability for "each person" in the amount of $250,000.00. Therefore, in examining the full context of the policy, the Supreme Court concluded the language was ambiguous and left "unresolved the question whether all three separate limits for each person" shall apply (i.e., $850,000.00) and, if not, which of the single separate limits for "each person" is applicable. *Id.*

Mr. Clous argues that Nationwide's UM/UIM policy language is also ambiguous in that it states "This is the most we will pay. . . ." He argues that the use of the singular term "This" is unclear as it may refer to the immediately preceding paragraph which addresses only property damage (with a $100,000 limit for each accident); or it may refer to the

paragraph before the property damage paragraph, which address coverage of $100,000 for each person and $300,000.00 for each accident; or it may refer to both preceding paragraphs. (Plaintiff's Brief at 4-5.)

Nationwide argues that its policy clearly and unambiguously limits its UM/UIM liability to the limit for "each person," $100,000, regardless of the number of vehicles insured by its policy. Nationwide states that its policy clearly provides:

*Part D – Uninsured Motorists Coverage*

Limit of Liability
    A. The limit of Bodily Injury shown in the Declarations for each person for Uninsured Motorists coverage is our maximum limit of liability for all damages . . . arising out of bodily injury by any one person in any one accident. . . .
    This is the most we will pay regardless of the number of
        1. Insureds;
        2. Claims made; or
        3. Vehicles or premiums shown in the Declarations.

(Nationwide's Brief at 4.)

This Court agrees with the arguments advanced by Nationwide that its UM/UIM coverage language is clear and unambiguous, and therefore intra-policy stacking of its UM/UIM coverages is prohibited. Other Virginia circuit courts, analyzing the same coverage language with regard to the Nationwide policy as in this case, have reached the same conclusion; the policy's language clearly and unambiguously prohibits intra-policy stacking of UM/UIM coverages. *Davis v. Nationwide*, Chesterfield Circuit Court, CL10-555 (August 31, 2010);[1] *Joyce v. Nationwide*, Chesterfield Circuit Court, CL09-833 (June 25, 2010); and *Paterson v. Nationwide*, Chesterfield Circuit Court, CL09-2805 (April 26, 2010). *See also Collier v. Erie Ins.*, Page County Circuit Court, CL10-86 (September 27, 2010); *Salzman v. Kanchev*, 80 Va. Cir. 139 (Chesapeake 2010); and *Lloyd v. Travelers*, No. 1:10cv47 (E.D. Va., July 22, 2010).

Accordingly, Nationwide's motion for summary judgment is hereby granted.

---

[1]    This case is printed above at page 144. [Reporter's Note]