# CIRCUIT COURT OF THE CITY OF NORFOLK

Frances Wilkins

v.

Allstate Insurance Co. et al.

July 15, 2011

Case No. CL10-6840

By Judge Mary Jane Hall

This matter comes before the Court on the parties' cross-motions for summary judgment. For the reasons stated herein, Plaintiff's Motion for summary judgment is denied, and Defendants' motions for summary judgment are each granted.

## Summary of Facts

On November 28, 2008, Frances Wilkins was operating a 1993 Honda Civic in Suffolk, Virginia, when she was involved in a car accident with Audrey Allsbrook. Frances Wilkins suffered bodily injury as a result of the accident and filed a claim against Allsbrook's insurance company, State Farm Mutual Automobile Insurance Company. At the time of the accident, Allsbrook was covered by a car insurance policy that provided for a bodily injury liability coverage limit of $100,000 per person. Frances Wilkins was operating an automobile insured under a GEICO policy with a UM/ UIM coverage limit of $50,000 per person. The GEICO policy insured two vehicles, both having $50,000 of UM/UIM bodily injury coverage per person and $100,000 of coverage per occurrence. Frances Wilkins was also insured under a policy issued to her husband by Allstate Insurance. There were three cars insured on this policy, each with UM/UIM coverage limits of $50,000 per person and $100,000 per occurrence. The parties agree that GEICO provides primary UM/UIM coverage for Frances Wilkins and Allstate provides excess coverage.

*Issue*

Plaintiff asks the Court to hold that the following identical language in the GEICO and Allstate policies is ambiguous when read together with the Declarations pages of both policies:

> The limit of Bodily Injury Liability shown in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages . . . arising out of bodily injury sustained by any one person in any one accident. Subject to this limit for each person, the limit of Bodily Injury Liability shown in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident. . . .
>
> This is the most we will pay regardless of the number of: (1) Insured(s); (2) Claims made; or (3) Vehicles or premiums shown in the Declaration.

Plaintiff claims that this anti-stacking language, included in both policies, is ambiguous because it refers the reader to the Declarations page of each policy for the identification of the bodily injury liability limit for UM/UIM coverage. Both policies insure multiple vehicles, and the Declarations pages list separate coverages for each vehicle insured under the policy.

The GEICO policy lists the $50,000 limit of liability for UM/UIM coverage only once on the Declarations page, but it then indicates the separate premiums paid by the insureds for each vehicle covered by the policy. Also, the Declarations page has a column heading titled "Coverages," under which are listed the types of coverage provided by the policy including bodily injury liability, property damage liability, uninsured motorist, etc. The column heading reads: "Coverage applies where a premium of 0.00 is shown for the vehicle." Plaintiff argues, *inter alia*, that the anti-stacking language does not address the number of "coverages" available and thus creates the ambiguity.

The Allstate policy has three separate Declarations pages, one for each of the insured vehicles under the policy, each with a $50,000 limit of coverage for UM/UIM bodily injury indicated separately for each vehicle. Plaintiff argues that the reference in the anti-stacking provision back to the limit of liability in the Declarations page includes no direction as to whether, when, or how one or the other or all of the coverages indicated on each of the Declarations pages apply. Plaintiff contends this ambiguity makes it impossible for the reader to determine which of the $50,000 limits of liability listed separately on the Declarations' pages should apply. She

argues that the alleged ambiguities of both policies require that all coverages be stacked.

## Legal Discussion

The Virginia Supreme Court has handed down four oft-cited decisions addressing whether UM/UIM insurance coverage could be "stacked" and has permitted stacking in three of those four. *Virginia Farm Bureau Mutual Ins. v. Williams*, 278 Va. 75, 677 S.E.2d 299 (2009) (finding ambiguity in the policy language and permitting stacking of the insurance coverages); *Goodville Mutual v. Borror*, 221 Va. 967, 275 S.E.2d 625 (1981) (holding that the language in the policy was unambiguous and that it would not permit stacking); *Lipscombe v. Security Ins.*, 213 Va. 81, 189 S.E.2d 320 (1972) (finding ambiguity in the policy language and permitting stacking of the insurance coverages); *Cunningham v. Insurance Co. of N. Am.*, 213 Va. 72, 189 S.E.2d 832 (1972) (finding ambiguity in the policy language and permitting stacking of the insurance coverages).

Counsel focused remarks most closely on *Virginia Farm Bureau Mutual Ins. v. Williams*, 278 Va. 75, 677 S.E.2d 299 (2009). In that decision, the Court found an ambiguity because the Declarations page included two different limits of liability. The Court then permitted the stacking of three separate coverages rather than two. Counsel urges the conclusion that the Court so held because the insured was, like Plaintiff herein, an "insured of the first class" who was in an "otherwise" status at the time of the accident, i.e., not occupying any vehicle insured by the Allstate policy. The status of the insured, however, does not aid the Court in determining whether an ambiguity exists in the first place.

No ambiguity found in the three Virginia Supreme Court decisions that required the Court to permit stacking of insurance coverages is present in the instant case. The Court finds that GEICO and Allstate each clearly and unambiguously indicated that their limit of liability was $50,000 for bodily injury regardless of the number of vehicles insured under the policy, a provision that would have no meaning if Plaintiff's proffered argument were accepted.

The following decisions rejected attempts by insureds to obtain declarations that anti-stacking language similar to language at issue herein was ambiguous: *Trigo v. Travelers Commercial Ins. Co.*, No. 3:10cv28 (W.D. Va. Dec. 17, 2010) (finding that the reference to the declarations page creates no ambiguity because the declarations page clearly states a single "each person" limit of liability); *Hostettler v. Auto-Owners*, No. 3:10cv279 (E.D. Va. Oct. 8 2010) (finding that the language clearly and unambiguously communicates that the "each person" limit identified in the declarations is the most coverage provided); *Lloyd v. Travelers Property Casualty Ins. Co.*, 727 F. Supp. 2d 452 (E.D. Va. 2010) (finding that the

anti-stacking clause contained in the policy must be given its full effect because no ambiguity was present in the policy); *Miller v. Selective Ins. Co.*, No. 10 Civ. 87 (City of Colonial Heights Cir. Ct. Nov. 10, 2010) (holding no ambiguity exists within the policy and the policy clearly and unambiguously prohibits the stacking of policies); *Clous v. Cutright*, 81 Va. Cir. 289 (Norfolk 2010) (holding that intra-policy stacking of UM/UIM coverage was prevented because the anti-stacking provision in the policy was clear and unambiguous and prevented intra-policy stacking); *Collier v. Erie Ins. Exch.*, No. 10 Civ. 86 (Page County Cir. Ct. Sept. 27, 2010) (holding that policy stacking was prohibited because the policy in question was unambiguous); *Davis v. Nationwide Mutual Ins. Co.*, No. 10 Civ. 555, 2010 (City of Colonial Heights Cir. Ct. Aug. 31, 2010) (holding policy stacking was prohibited because the policy was unambiguous); *Joyce v. Hayes*, No. 09 Civ. 833 (Danville Cir. Ct. June 25, 2010) (holding that intra-policy stacking of uninsured motorists coverage was prohibited because the policy language was clear and there was no ambiguity); *Joyce v. Nationwide*, No. 09 Civ. 833 (Danville Cir. Ct. June 25, 2010) (finding that intra-policy stacking of uninsured motorists coverage is prohibited because the policy language is clear and unambiguous); *O'Brien v. Oatman*, No. 09 Civ. 5381 (Richmond Cir. Ct. June 23, 2010) (holding that stacking was precluded because the provision in the policy barring accumulation of coverage was clear and unambiguous); *Patterson v. Nationwide General Ins. Co.*, No. 09 Civ. 2805 (Chesterfield Cir. Ct. Apr. 26, 2010) (holding that intra-policy stacking was prohibited where the "each person" limit had a consistent value for each vehicle listed on the declarations page because the policy was clear and there was no ambiguity); *Salzman v. Kanchev*, 80 Va. Cir. 139 (Chesapeake 2010) (holding that coverages did not stack because the declarations page contained a clear and unambiguous limitation on stacking of UM/UIM coverage); *MacDougall v. Hartford Ins. Group*, 61 Va. Cir. 181 (Fairfax 2003) (concluding that Virginia's uninsured motorist statute treats underinsured motorist coverage as a subset of uninsured motorist coverage).

Counsel for Plaintiff urges this Court to pay no attention to the "musings" of these many trial courts and instead follow the precedent of *Virginia Farm Bureau*, 278 Va. at 75, 677 S.E.2d at 299. As stated, the Court does not determine the policy language at issue to include the defect that rendered the language ambiguous in *Virginia Farm Bureau*. The "musings" cited above, in contrast, included thoughtful analysis and reasoned examination of policy language more similar to the language in the case at bar.

For the reasons stated herein, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendants' motions for summary judgment.