**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

RONNIE STEVE DOOLEY,

       *Plaintiff-Appellant,*

v.

HARTFORD ACCIDENT AND INDEMNITY
COMPANY,

       *Defendant-Appellee,*

and

WILMER DAVID PHILLIPS, JR.,

       *Defendant.*

No. 12-1882

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, District Judge.
(7:11-cv-00149-SGW-PMS)

Argued: March 22, 2013

Decided: May 16, 2013

Before KING, GREGORY, and KEENAN, Circuit Judges.

---

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge King and Judge Gregory joined.

---

**COUNSEL**

**ARGUED:** John Janney Rasmussen, INSURANCE RECOV-ERY LAW GROUP, PLC, Richmond, Virginia, for Appellant. John Becker Mumford, Jr., HANCOCK DANIEL JOHNSON & NAGLE, PC, Glen Allen, Virginia, for Appellee. **ON BRIEF:** Jeffrey H. Krasnow, THE KRASNOW LAW FIRM, Roanoke, Virginia, for Appellant. Kathryn E. Kasper, HANCOCK DANIEL JOHNSON & NAGLE, PC, Glen Allen, Virginia, for Appellee.

---

**OPINION**

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we consider an issue of automobile insurance coverage in a policy issued by Hartford Accident & Indemnity Co. (Hartford). We review whether the district court erred in holding that the Hartford policy prohibited Ronnie S. Dooley, the insured party, from "stacking," or combining, the uninsured/underinsured motorist coverage (UM/UIM coverage) for each insured vehicle, when the policy failed to specify any particular amount of UM/UIM coverage afforded.

On appeal, Dooley contends that this omission from the policy's terms renders ambiguous the policy language prohibiting stacking and that, therefore, the policy should be construed against Hartford to allow the stacking of UM/UIM coverage. Upon our review, we conclude that because Virginia Code § 38.2-2206(A) mandates that UM/UIM coverage "shall equal" the general liability coverage, this provision by operation of law provided Dooley an equal amount of UM/UIM coverage under the Hartford policy. Accordingly, we hold that the anti-stacking provision in Dooley's policy unambiguously prevents the stacking of UM/UIM coverage, and we affirm the district court's award of summary judgment in favor of Hartford.

## I.

Dooley first obtained an automobile insurance policy from Hartford in 2003 and paid two separate premiums for coverage of two vehicles.[1] Included in the "Declarations" section of the policy, under a heading entitled "Coverages and Limits of Liability," were subsections listing separate entries for "Liability" and "Uninsured Motorists." These entries provided policy limits of $100,000 per person for each covered vehicle, for both liability and UM/UIM coverage.[2] In 2004, Dooley added a third vehicle to the policy, and continued to pay separate premiums for each vehicle for liability and UM/UIM coverage. Dooley renewed the policy annually for three additional years without requesting any changes to his coverage.

Dooley later renewed his policy in November 2008 (the policy or the 2008 policy). The 2008 policy was in effect when Dooley was injured in an automobile accident while driving a vehicle insured under the policy. The accident occurred when a vehicle driven by Wilmer Phillips struck Dooley's vehicle. As a result of the accident, Dooley sustained serious bodily injury, causing him to incur medical and related expenses that exceeded the liability coverage provided under Phillips' automobile insurance policy. Therefore, Dooley contended that Phillips was an underinsured motorist, within the meaning of Virginia Code § 38.2-2206(B),[3] and

---

[1]Dooley's wife, Phyllis Dooley, also was an insured party under the policy.

[2]The limits of liability at issue in this case are those relating to bodily injury coverage for *each person*. The policy also provided bodily injury coverage of $300,000 for *each accident* and limits of liability for property damages, but those classes of coverage are not at issue in this appeal.

[3]In Virginia, "[a] motor vehicle is 'underinsured' when, and to the extent that, the total amount of bodily injury and property damage coverage applicable to the operation or use of the motor vehicle and available for payment for such bodily injury or property damage . . . is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle." Va. Code § 38.2-2206(B).

sought payment from Hartford based on the UM/UIM coverage provided in the 2008 policy (the UM/UIM endorsement).

In contrast to the declarations sections of the earlier policies issued by Hartford, which showed UM/UIM coverage of $100,000 per person for each covered vehicle, the declarations section of the 2008 policy did not contain any reference to an amount of UM/UIM coverage. However, that declarations section provided general liability coverage of $100,000 per person for each covered vehicle.

The UM/UIM endorsement contained in the 2008 policy stated that "[Hartford] will pay, *in accordance with Va. Code Ann. Section 38.2-2206*, damages which an insured . . . is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle." (Emphasis added). Several paragraphs later, under the heading "Limit of Liability," the UM/UIM endorsement addressed the maximum UM/UIM coverage available (the anti-stacking provision). The anti-stacking provision stated, in relevant part, that "[t]he limit of [ ] Liability *shown in the Declarations* for each person for [UM/UIM] Coverage is [Hartford's] maximum limit of liability for all damages . . . arising out of bodily injury sustained by any one person in any one accident," "regardless of the number of" insured parties, claims made, vehicles, or premiums "shown in the Declarations." (Emphasis added). Thus, the UM/UIM endorsement did not state the amount of UM/UIM coverage available but simply referred the reader to the "[d]eclarations" section of the policy, which likewise did not contain any specified amount of such coverage.

Despite this complete omission from the declarations section of any stated UM/UIM coverage limits, Hartford agreed that it remained obligated under Virginia Code § 38.2-2206(A)[4]

---

[4]Under Virginia Code § 38.2-2206(A), an insurer may not issue an automobile insurance policy on a vehicle in the Commonwealth unless the pol-

to provide UM/UIM coverage "equal" to the policy's general liability limits. However, based on the anti-stacking clause, Hartford maintained that the policy limit for UM/UIM coverage for each person was $100,000.[5] The parties' disagreement, therefore, ultimately was reduced to the question whether the anti-stacking clause prevented Dooley from stacking the UM/UIM coverage of $100,000 per person provided in the policy for each of the three insured vehicles.

To resolve this dispute, Dooley filed a complaint in a Virginia state court seeking a declaratory judgment. In his complaint, Dooley claimed coverage under the UM/UIM endorsement on the basis that Phillips, whose insurer paid Dooley $100,000, was an underinsured motorist. Dooley asked the state court to declare that he was entitled to stack the UM/UIM coverage provided under the 2008 policy, because the omission on the declarations page of any stated amount of UM/UIM coverage rendered the anti-stacking provision ambiguous and unenforceable. Based on this asserted ambiguity, Dooley alleged that he was entitled under Virginia law to UM/UIM coverage of $100,000 for each of the three covered vehicles, for a total amount of up to $300,000.

Hartford removed the action to federal district court asserting diversity jurisdiction under 28 U.S.C. § 1332(a). Hartford filed a counterclaim seeking a declaration that the express language in the anti-stacking provision limited Dooley's

icy provides UM/UIM coverage. Unless the insured party explicitly requests lower UM/UIM coverage, which Dooley has not done in this case, the statute provides that the UM/UIM coverage limits "shall equal" the "limits of the liability insurance provided by the policy." Va. Code § 38.2-2206(A).

[5]Dooley initially alleged in state court that the omitted UM/UIM coverage limits entitled him to "unlimited" UM/UIM coverage. However, Dooley abandoned that argument on appeal and conceded that Virginia Code § 38.2-2206(A) is applicable. Accordingly, on appeal, the parties agree that the applicable UM/UIM coverage limits are $100,000 per person for each insured vehicle.

UM/UIM coverage to a maximum of $100,000 and that, therefore, Phillips was not an underinsured motorist.[6]

After discovery, the parties filed cross-motions for summary judgment. The district court awarded judgment in favor of Hartford. *Dooley v. Hartford Accident & Indem. Co.*, 892 F. Supp. 2d 762 (W.D. Va. 2012). Dooley timely filed this appeal.

## II.

## A.

We review a district court's award of summary judgment de novo. *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). Summary judgment is appropriate when the record does not disclose a genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Couch v. Jabe*, 679 F.3d 197, 200 (4th Cir. 2012); Fed. R. Civ. P. 56(a).

## B.

Dooley argues that the district court erred in determining that he was not entitled to stack the UM/UIM coverage provided under the 2008 policy for the three insured vehicles. According to Dooley, because the anti-stacking provision refers to the limits of liability "*shown in the [d]eclarations* for each person for [UM/UIM] Coverage" and the declarations page omitted any such limits, the anti-stacking provision is ambiguous. Dooley maintains that application of Virginia Code § 38.2-2206(A) does not resolve this ambiguity, because

---

[6]Hartford advanced an alternative theory in the district court, namely, that Hartford was entitled to reformation of the contract because the UM/UIM coverage limits had been erroneously omitted from the policy. However, the district court did not base its ruling on this theory, and we need not address it in this appeal.

that statute merely establishes the amount of required UM/UIM coverage and does not operate to insert an actual amount of UM/UIM coverage on the declarations page. Relying on *Virginia Farm Bureau Mutual Insurance Co. v. Williams*, 677 S.E.2d 299 (Va. 2009), Dooley contends that the ambiguity in the anti-stacking provision should be resolved against Hartford, and that Dooley is entitled to stack the UM/UIM coverage provided for the different vehicles in the 2008 policy. We disagree with Dooley's arguments.

In resolving this issue, we consider established principles of Virginia law regarding the interpretation of insurance policies. When interpreting such agreements, we determine the parties' intent from the policy language employed. *Williams*, 677 S.E.2d at 302; *Seals v. Erie Ins. Exch.*, 674 S.E.2d 860, 862 (Va. 2009) (citation omitted). We construe the various provisions of an insurance policy together and, if possible, harmonize any internal conflicts to effectuate the parties' intent. *Williams*, 677 S.E.2d at 302; *Seals*, 674 S.E.2d at 862 (citation omitted).

When a disputed policy term is unambiguous, we apply its plain meaning as written. *Williams*, 677 S.E.2d at 302; *Va. Farm Bureau Mut. Ins. Co. v. Gile*, 524 S.E.2d 642, 645 (Va. 2000). In contrast, if a disputed policy term is ambiguous, such that it is capable of more than one meaning, we construe the policy language in favor of coverage and against the insurer. *Williams*, 677 S.E.2d at 302; *Seals*, 674 S.E.2d at 862 (citation omitted). This construction rightfully places the burden on the insurer, the customary drafter of an insurance policy, to articulate clearly both the coverage afforded and any exclusions from that coverage. *See Williams*, 677 S.E.2d at 302.

In addition to these basic principles, we are guided by decisions from the Supreme Court of Virginia addressing an insured party's ability to stack UM/UIM coverage. In 1972, the Supreme Court of Virginia established the rule in Virginia

that "stacking of [UM/UIM] coverage will be permitted unless clear and unambiguous language exists on the face of the policy to prevent such multiple coverage." *Goodville Mut. Cas. Co. v. Borror*, 275 S.E.2d 625, 627 (Va. 1981) (interpreting *Cunningham v. Ins. Co. of N. Am.*, 189 S.E.2d 832 (Va. 1972) and *Lipscombe v. Sec. Ins. Co.*, 189 S.E.2d 320 (Va. 1972)).

In adopting this rule, the Virginia court found persuasive the rationale articulated in *Sturdy v. Allied Mutual Insurance Co.*, 457 P.2d 34 (Kan. 1969). In that case, the Supreme Court of Kansas stated that, in accord with "general principles of indemnity," the amount of coverage afforded should be proportionate to the amount of premiums paid by the insured. *Cunningham*, 189 S.E.2d at 836-37 (discussing *Sturdy*); *see also Lipscombe*, 213 S.E.2d at 322 (same). Because UM/UIM coverage protects named insured individuals who have paid consideration for such coverage, the Supreme Court of Virginia determined that an insured party presumptively is entitled to the combined total of UM/UIM coverage applicable to each vehicle for which he has paid a premium, absent clear language in the policy prohibiting multiple coverage. *See Lipscombe*, 213 S.E.2d at 322-23.

The policy considered by the Supreme Court of Virginia in *Lipscombe* covered two vehicles for which the insured party paid separate premiums, and specified in the declarations UM/UIM coverage in the amount of $20,000 for each person for each covered vehicle. *Id.* at 321. The policy's UM/UIM endorsement provided that the "limit of liability . . . stated in the declarations as applicable to 'each person' [$20,000] is the limit of the company's liability for all damages . . . sustained by one person as the result of any one accident." *Id.* at 322 (alterations in original). The court determined that this language was ambiguous, because it did not inform the insured party whether he was entitled to UM/UIM coverage under only one or both of the two insured vehicles for which separate premiums were paid. *Id.* at 323.

Several years after *Lipscombe*, the Supreme Court of Virginia decided *Goodville*. The policy at issue in that case covered two vehicles under separate premiums and provided limits of liability for UM/UIM coverage of $25,000 for each person for each covered vehicle. *Goodville*, 275 S.E.2d at 626, 628. The policy also stated in the UM/UIM endorsement, under the heading, "Limits of Liability":

> *Regardless of the number of . . . motor vehicles to which this insurance applies*, (a) the limit of liability for bodily injury stated in the schedule as applicable to "each person" is the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident. . . .

*Id.* at 627 (emphasis added). The court in *Goodville* held that this language unambiguously prohibited the stacking of UM/UIM coverage for each vehicle based on the introductory phrase, "[r]egardless of the number of . . . motor vehicles to which this insurance applies." *Id.* at 628.

The Supreme Court of Virginia recently revisited this issue in *Williams*, on which Dooley relies. The policy in *Williams* covered three vehicles, for which the insured party paid separate premiums, and in the UM/UIM endorsement stated that "the limit of liability . . . stated as applicable to 'each person' is the limit of the company's liability." *Williams*, 677 S.E.2d at 300-01. Like the policy in *Goodville*, this limiting provision included the phrase, "[r]egardless of the number of . . . motor vehicles to which this insurance applies." *Id.* at 300.

The court found that although, read in isolation, this phrase unambiguously prohibited stacking, the phrase was rendered ambiguous when read in the context of the entire policy. *Id.* at 303. The court first noted that the anti-stacking language directed the reader to the limits of liability stated for "each person." *Id.* However, the court further observed that the pre-

mium paid for one of the vehicles provided UM/UIM coverage of $250,000 for each person, while the premiums paid for the two other vehicles both provided UM/UIM coverage of $300,000 for each person. *Id.*

The court determined that this disparity in the amounts of coverage for "each person" on the different vehicles, when considered together with the "anti-stacking language" in the UM/UIM endorsement, created an ambiguity because the policy could be read in more than one manner regarding the extent of total UM/UIM coverage. *Id.* Thus, the court construed this ambiguity against the insurer and permitted the insured party to stack UM/UIM coverage. *Id.*

In the present case, the anti-stacking provision establishes the liability for UM/UIM coverage as the amount "shown in the [d]eclarations for each person for [UM/UIM] Coverage." Like the provisions in both *Goodville* and *Williams*, the anti-stacking provision before us unambiguously states that these limits for "each person" are the maximum UM/UIM coverage afforded "regardless of" the number of vehicles covered by the policy or premiums paid.

Dooley argues, nevertheless, that when the anti-stacking provision is read in context, an ambiguity results because there are no limits "shown in the [d]eclarations for each person for [UM/UIM] Coverage." We disagree.

Unlike the policy in *Williams* that provided inconsistent amounts of UM/UIM coverage for the different vehicles, the present policy fails to provide any stated limits for UM/UIM coverage. In fact, the declarations page of the 2008 policy does not contain any reference to UM/UIM coverage amounts, in contrast to previous versions of the policy.

In isolation, this complete omission of any amount of UM/UIM coverage would indicate that the policy does not provide any UM/UIM coverage. However, as explicitly stated

in the UM/UIM endorsement, Hartford is bound to provide UM/UIM coverage in accordance with Virginia Code § 38.2-2206. That statute not only requires that insurers providing automobile liability insurance on vehicles in Virginia afford UM/UIM coverage, with limited exceptions not relevant here, but also states that UM/UIM coverage "shall equal" the general "limits of the liability insurance provided by the policy." Va. Code § 38.2-2206(A). Therefore, the fact that the amount of UM/UIM coverage is not separately "shown in the Declarations" section of the 2008 policy is not determinative. The general liability limits for each person are "shown in the Declarations," and these limits, by operation of Section 38.2-2206(A), afford Dooley the same amount of both liability and UM/UIM coverage.

These UM/UIM coverage limits, when considered along with the anti-stacking provision, mandate the conclusion that UM/UIM coverage for each of the three insured vehicles cannot be stacked. This conclusion is the only reasonable interpretation of the policy that gives effect to each of the relevant provisions. *See Williams*, 677 S.E.2d at 302 (courts must construe insurance policies in their entirety and harmonize all provisions when reasonably possible). We therefore conclude that when read in its entirety, the policy unambiguously prohibits the stacking of UM/UIM coverage for each covered vehicle. *See Goodville*, 275 S.E.2d at 628.

### III.

For these reasons, we hold that the district court did not err in concluding that the 2008 policy prohibited Dooley from stacking the UM/UIM coverage for each insured vehicle. Accordingly, we affirm the district court's judgment holding that Dooley is not entitled to recover from Hartford under the policy's UM/UIM coverage.

*AFFIRMED*