PRESENT: Goodwyn, C.J., Powell, Kelsey, McCullough, and Chafin, JJ., and Russell, S.J.

ERIE INSURANCE EXCHANGE

v. Record No. 210443

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
APRIL 14, 2022

DIAMOND DANELLE JONES, AN INFANT,
BY HER MOTHER AND NEXT FRIEND,
TRACY HARDISON

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Stacey W. Moreau, Judge

We consider in this appeal whether an all-terrain vehicle ("ATV") is covered under a homeowner's insurance policy as a "farm type vehicle." The circuit court found the insurance contract language ambiguous and ruled in favor of coverage. For the reasons noted below, we disagree and reverse.

BACKGROUND

On December 27, 2019, Diamond Jones was riding as a passenger on the back of an ATV. The daughter of Jennifer and Richard Rekowski (the "Rekowskis") was driving the vehicle. While Jones was riding, a tree branch struck and injured her. The accident did not take place on the Rekowskis' property.

The Rekowskis were insured by a homeowner's policy issued by Erie Insurance Exchange ("Erie"). The exclusions section of the policy broadly provides that the policy does not cover "[b]odily injury, property damage or personal injury arising out of the ownership, maintenance or use of . . . any land motor vehicle." Vehicles, however, are not excluded if:

1) they are used solely at an insured location and not subject to motor vehicle registration;
2) they are kept in dead storage at an insured location;
3) they are a recreational land motor vehicle not designed for use on public roads while at an insured location;
4) they are a golf cart, wherever used or located;
5) they are a *lawn or farm type vehicle* or snowblower, wherever used or located, if not

subject to motor vehicle registration;
6) they are designed to assist the handicapped[.]

App. 23 (emphasis added). The policy does not define "lawn or farm type vehicle." If the vehicle in question is a "recreational land motor vehicle," under clause (3) above, the policy would not cover the accident because it did not occur "at an insured location." If the vehicle is a "lawn or farm type vehicle," then the policy would cover the accident.

Jones filed a negligence action for her injuries against the Rekowskis and their daughter. In its answer, Erie contended that the policy did not cover the accident. Jones then filed this action for declaratory relief against Erie, the Rekowskis, and their daughter, jointly and severally, seeking a judgment that Erie is obligated to pay the insurance claim. The Rekowskis never filed an answer. The guardian ad litem for the Rekowskis' daughter filed an answer and endorsed the final order. Both Jones and Erie filed motions for summary judgment.

The parties stipulated that depositions could be employed in support of their respective motions for summary judgment. Testimony in the depositions established that the ATV in question is a 2016 Honda TRX250TE. It has a 250 cubic centimeter engine. Bill Uhl, an expert for the plaintiff "in the field of all-terrain vehicle uses," explained that the vehicle in question is a "utility model designed for whatever kind of use that the owner has in mind." He said that it is possible to purchase a towing hitch for the vehicle and that the user can attach various implements such as push blades, rototillers, or seeder spreaders. He also testified to other uses such a vehicle might have on a farm.

The Rekowskis have never used this vehicle as a lawn or farm vehicle or owned any attachments for it. Jennifer Rekowski described it as an "itty-bitty small four-wheeler. It's the smallest four-wheeler they make." She said the machine "barely pulls my daughter." She was

2

not aware of a place to attach implements to it.  Richard Rekowski also did not believe any farm equipment could be attached to the ATV because of its limited power.

The circuit court concluded that the policy did cover the accident, reasoning that "lawn or farm type vehicle" was ambiguous language, and, therefore, it should be construed against the drafter.  Erie appeals from this decision.

ANALYSIS

I.      NEITHER THE REKOWSKIS NOR THE GUARDIAN AD LITEM WERE INDISPENSABLE PARTIES.

As a threshold matter, Jones argues that the appeal should be dismissed because Erie failed to include a necessary party.  In support of this argument, Jones notes that Erie did "not identify either the Rekowskis, their daughter, or the guardian ad litem as parties to the appeal in the petition's Rule 5:17(i) certificate, nor does the certificate indicate that service was had upon them."  Erie included the Rekowskis and the guardian ad litem as defendants in the complaint, and they were also listed in the notice of appeal and served with the notice of appeal.  The Rekowskis did not appear in the circuit court or participate in any way.  The guardian ad litem participated in a limited fashion at the trial.

We conclude that the Rekowskis and the guardian ad litem for the Rekowskis' minor daughter are not necessary parties to the appeal.  The Rekowskis and the guardian ad litem had notice and an opportunity to be heard in the declaratory judgment proceeding.  The Rekowskis could have participated in the proceedings below and they had notice of the appeal.  The Rekowskis and the guardian ad litem chose not to participate in the appeal.  Moreover, their interests on appeal are adequately represented by another litigant, the plaintiff, who has the same or similar interests, namely, securing full insurance coverage.  *Cf. NationsBank of Va., N.A. v.*

3

*Estate of Grandy*, 248 Va. 557, 560 (1994) (explaining the doctrine of "virtual representation").

Therefore, we conclude that dismissal of the appeal is not warranted.

      II.      THIS ATV WAS NOT A "FARM TYPE" VEHICLE AND, THEREFORE, WAS EXCLUDED FROM COVERAGE BY THE HOMEOWNER'S INSURANCE POLICY.

Under settled principles of insurance law, "[t]he interpretation of an insurance policy presents a question of law that we review de novo on appeal." *Virginia Farm Bureau Mut. Ins. Co. v. Williams*, 278 Va. 75, 80 (2009). "Courts interpret insurance policies, like other contracts, by determining the parties' intent from the words they have used in the document." *Id.* "When a disputed policy term is unambiguous, we apply its plain meaning as written." *Id.* at 81. Where, however, "disputed policy language is ambiguous and can be understood to have more than one meaning, we construe the language in favor of coverage and against the insurer." *Id.* "A contract is not ambiguous merely because the parties disagree as to the meaning of the terms used." *TM Delmarva Power, L.L.C. v. NCP of Virginia, L.L.C.*, 263 Va. 116, 119 (2002).

The policy generally excludes motor vehicles from coverage, but an exception to that broad exclusion provides coverage for "a lawn or *farm type vehicle* or snowblower." "Type" is defined as "qualities common to a number of individuals that serve to distinguish them as an identifiable class or kind"; "an individual exhibiting distinguishable qualities of its kind"; "a group or category exhibiting such a type: a particular kind, class or group[.]" *Webster's Third New Int'l Dictionary* 2476 (2002). It is also defined as: "a class, kind or group set apart by common characteristics." *Merriam–Webster's Dictionary* 531 (2005).

Indisputably, a combine or a tractor is a "farm type" vehicle. Such vehicles are identifiable as a class or kind of vehicles designed for and used primarily for farming. A combine or a tractor can be used for other purposes, of course. For instance, a tractor could be employed for entertainment purposes such as a hayride or a tractor pull, and a combine might be

4

used as a prop in a movie. Still, what identifies a combine or a tractor as a "class or kind" and the qualities that distinguish them from other vehicles is that they are designed to be primarily used on a farm.

The evidence here, including from the plaintiff's expert, establishes that this ATV can potentially be used for either recreation or for use on a farm, i.e., it is a multi-use vehicle. A multi-use vehicle with potential for use on a farm is not a "farm type" vehicle. No evidence establishes that this ATV is designed for primary use as a farm vehicle like a combine or a tractor. To read "farm type vehicle" as encompassing any vehicle that could potentially be used on a farm would create an exception so broad it would render the limits on coverage meaningless. A pickup truck, sport utility vehicle, or even a motorcycle can be used on a farm. However, pickup trucks, sport utility vehicles, and motorcycles, despite their potential for use on a farm, are not "farm type" vehicles.

The other words of this clause further evince an intent to exclude vehicles with a specialized or primary purpose. The clause in question provides an exception to the general rule of exclusion from coverage of any "land motor vehicle," by covering, in addition to farm type vehicles, lawn type vehicles or snowblowers. Multipurpose vehicles are not "an identifiable class or kind" of specialized farm vehicle.

We conclude as a matter of law that the language "lawn or farm type vehicle or snowblower" does not encompass a multi-use vehicle like an ATV. The exception for a farm type vehicle does not apply, and the exclusion from coverage in the homeowner's policy for "land motor vehicle[s]" does apply because the incident did not take place at an insured location. Therefore, the circuit court erred in denying Erie's motion for summary judgment.

5

CONCLUSION

For the foregoing reasons, we will reverse the judgment of the circuit court and enter final judgment on this appeal in favor of the insurer.

*Reversed and final judgment.*